JOHN JOHNSON *vs.* JOHN F. CROSS, Adm'r.

The personal property exemption, provided for by Art. X., of the Constitution and the laws, passed pursuant thereto, exists only during the life of the " homesteader "* and after his death passes to his personal representative, to be disposed of, in a due course of administration.

The case of *Watts* v. *Leggett, at this term,* cited and approved.

This was *a submission of a controversy without action* under Tit. XIV., chap. 1, of the C. C. P., heard before His Honor, Judge Pool, on the 12th day of December, 1870. The plaintiff

---

*This term is in such universal use among the people, as expressing a debtor entitled to a homestead and personal property exemption, as to seem to justify its use. It saves a periphrasis, and it is justified by the rules philology, as the suffix " er" has an active signification, and signifies one, who does some act in reference to the thing expressed, by the word, to which it is annexed.

obtained a judgment against Thomas E. Powell, who had been his guardian, for a balance due on his guardian account, at Spring Term 1867, of Pasquotank Court, and had caused executions to be regularly issued and kept up thereon, till after the death of Powell, which occurred in the early part of 1870, without his having made application for a personal property exemption.

The defendant administered and sold property, and it was conceded that he held $400, which was applicable to the plaintiff's judgment, unless the same can be claimed, by the minor children of said Powell.

The plaintiff had made a demand on the defendant, and the minor children of Powell had caused him to be notified, not to pay over the same, and that it was claimed by the said children, as " personal property exemption."

His Honor, on the foregoing "submission," entered judgment against the plaintiff, and he appealed.

The appeal was filed January Term 1871, and argued, but an *advisari* was taken, until the present term.

*Smith* for the appellant.

I.   The exemption of personal property is warranted, only by the Constitution, when applied for by the debtor, and does not apply when he dies without making such application.— *Cons. of N. C., Art.* 10.

The Act, (ch. 137, sec. 10,) of 1868–9, authorizing this, is not warranted by the Constitution.

II.   The exemption, if allowable at the instance of children, must be of property of intestate set apart, but cannot reach the proceeds of sale in the administrator's hands, after he has sold.—*Same act, sec.* 10.

*No Counsel* for the appellee.

PEARSON, C. J.   *Constitution, Art. X., Sec.* 1.   " The personal property of any resident of this State, to the value of $500,

JOHN JOHNSON *v*. JOHN F. CROSS.

to be selected by such resident, shall be exempted from sale under execution, or other final process of any court, issued for the collection of any debt."

Sec. 2. "Every homestead, and the dwelling, and buildings, used therewith, not exceeding in value $1,000, shall be exempted from sale, under execution, or other final process, obtained on any debt."

Sec. 3. "The homestead, after the death of the owner thereof, shall be exempt from the payment of any debt, during the minority of his children, or, any one of them."

Sec. 5. "If the owner of a homestead die, leaving a widow, but no children, the widow shall have such homestead during her widowhood."

By sections 3 and 5, after the death of the owner of a *homestead*, the exemption is continued on, for the benefit of his children or widow.

There is no such provision in regard to the "*personal property exemption*." The property of such resident, is exempted from sale under execution, or other final process of any court, issued for the collection of any debt. Manifestly, this has reference to an execution issued against such resident, or owner of personal property, and cannot, by a forced construction, be made to apply to a sale, by his executor, or administrator. Indeed, the difference between real and personal property, is so material,—one transitory and shifting, the other permanent and final, that the idea of letting the children of the owner enjoy it, after his death, during their minority, or, the minority of any one of them, or, if there be no children, of letting the widow enjoy it, during her widowhood; in the absence of any provision, for accounting for and paying over, what might chance to be on hand, at the expiration of these contingent events, seems to approach, the verge of absurdity.

If the case is to be governed by the provisions of the Constitution, there is no difficulty whatever. But, it was urged on the argument, that the children of Powell, are entitled to the

fund, as a " personal property exemption, under Acts of 1868 —'69, ch. 137, sec. 10. An *advisari* was taken to consider of that matter. The section is, in these words : " If any person, entitled to a homestead and personal property exemption, die, without having the same set apart, his widow, if he leave one, then his child and children, under the age of twenty-one years, if he leave such, may proceed to have said homestead and personal property exemption, laid off to her, him, or them, according to the provisions of sec. 7 and 8, of this Act."

Sections 7 and 8 provide, for laying off the homestead and personal property exemption, in the life-time of the party, entitled thereto, " *as guaranteed by Art. X, of the Constitution.*"

We have put a construction upon the section now under consideration, in *Watts* v. *Leggett,* and we adopt what is there said, as a part of this opinion. If the homestead had been laid off under sec. 7, and the personal property exemption, had been assessed, under sec. 8, in the life-time of Powell, as guaranteed to him, by Art. X of the Constitution, it is clear his children would have had no claims to the personal property exemption, for as we have seen, the constitution only secures a benefit to the children and widow, in the homestead. It is hard to understand, how a provision, to prevent the widow and children from being prejudiced, by an omission to have an assignment in the life-time of the party, under whom they derive the title, can be strained so as to have the effect of giving them greater benefit, than if the omission had not occurred. It cannot be supposed, that the effect of the statute is to go beyond the constitution, for its professed purpose is to carry into effect the provisions of the constitution, and to secure to the widow and children, the homestead and personal property exemption as guaranteed by the constitution. The section 10, is very inartificially worded ; the draftsman was evidently confused, by not attending to the distinction made in the constitution, between " the homestead," and " the personal property exemption ;" he seems to have supposed that the widow was

first entitled ; and if he had no widow, then the children or minor children ; whereas, it is not pretended, that the widow can claim "the personal property exemption," or even the homestead, if there be a child surviving.

This obscurity, however, is cleared away, by the reference to sections 7 and 8, in which reference is made to the benefit, "as guaranteed by the constitution."

We are of opinion, that neither the widow, nor the children, can set up claim to the fund, although if anything, the claim of the widow by *implication*, under section 10 of the Act of 1868–'9, would be the strongest.

We are pleased to know from the facts set forth on the record, that our conclusion prevents a very great injustice in this particular case, for Powell, as the guardian of the plaintiff, betrayed his trust, and the friends of the children of Powell are much to blame for an attempt to benefit them, at the expence of one, who would thus be made the victim of their father's breach of trust ; his sureties, on the guardian bond, being all insolvent.

Judgment reversed, and judgment on the case agreed, in favor of the plaintiff.