JEMIMA BRANCH, *ex parte*.

Where A conveyed a certain tract of land known as his "home place, except so much thereof as may be laid off and assigned as a homestead under the Act of Assembly and which is expressly excepted from this conveyance:" *Held*, that the exception is operative and should be allowed to have effect.

(*Massey* v. *Warren*, 7 Jones, 143, cited approved,)

SPECIAL PROCEEDING, being a petition for a Homestead, originally commenced in a Justice's Court and carried from thence to the Superior Court of DUPLIN county, where it was tried at Spring Term, 1874, before his Honor, *Judge Russell*.

The following facts were agreed and sent to this Court as one of the papers making up the transcript.

The plaintiff in the petition is the widow of one J. G. Branch, deceased in 1872, first making and publishing a will, from which his widow duly dissented. She filed her petition before a Justice, praying that a Homestead in certain lands belonging to the estate of her deceased husband might be allotted to her. His creditors, and his estate was much indebted, caused themselves to be made parties defendant to the proceedings in the Justice's Court, and from the judgment therein rendered in favor of the plaintiff, appealed to the Superior Court.

On the trial in the Superior Court, it appeared that James G. Branch, the husband of the plaintiff, acquired the lands described in her petition, and also intermarried with the plaintiff, prior to the Act of 1867, restoring common law right of dower to married women, and before the adoption of our present Constitution ; and that during his life he conveyed the land, from which the plaintiff asks her Homestead may be allotted, to one E. H. Keathly *in trust* for the benefit of certain creditors, the defendants above named, in which deed occurs the following clause : "Except so much thereof as may be laid off and assigned as a Homestead under the Act of Assembly,

and which is expressly excepted from this conveyance." No Homestead was laid off prior to said conveyance, nor since. Nor had she petitioned for dower.

His Honor, being of opinion that the prayer of the plaintiff in her petition was properly granted by the Justice upon his hearing the cause, affirmed his judgment, remanding the case to the Justice's Court to be proceeded with according to law. From this judgment, the creditors who had been made defendants, appealed.

*Kornegay*, for appellants, argued:

I. The point is as to whether the alleged exception in the deed of trust is sufficient in law to amount to an exception.

Coke says: "An exception is ever a part of the thing granted." Applying this rule to the case in point, we ask, what *part* is excepted? The deed does not tell us, neither does it refer to anything in existence by which the part alleged to be excepted may be identified. The description of the part *excepted* must be as plain and certain as the description of the thing granted. To give a deed any sensible operation, it must describe the subject matter of the conveyance, so as to denote upon the instrument what it is in particular. The want of such a description in the deel is fatal to the deed; the want of such a description in the exception is fatal to 'the exception. *Kea* v. *Robinson*, 5 Ired. Eq., 373; *Massey* v. *Bellile*, 2 Ired., 176; *Waugh* v. *Richardson*, 8 Ired., 470; *Mann* v. *Taylor*, 4 Jones, 271; *Archibald* v. *Davis*, 5 Jones, 322; *Richardson* v. *Godwin*, 6 Jones' Eq., 229; *Grier* v. *Rhine*, 69 N. C. Rep., 346.

II. The *onus* of proof of the part alleged to be excepted lies upon the party who would take advantage of the exception. No description of the part alleged to be excepted is given in the deed, neither is there any reference to any other paper writing made in the deed by which the part alleged to be excepted can be identified. No homestead had ever been set apart to any one, and no part of the land had received the

*impress* which the law requires to make it a homestead, *previously* to the making of the deed of trust, and therefore the deed passed the title to the whole of the land, and the alleged exception amounts to nothing, because it is too vague and indefinite. *McCormick* v. *Monroe*, 1 Jones 13 ; *Massey* v. *Warren*, 7 Jones 143 ; *Hagar* v. *Nixon*, 69 N. C. R. 110.

III. A sheriff was compelled to make a deed to the purchaser at execution sale, although defendant in the execution claimed the land as a homestead, because it had not been set apart as such previously to the sale, *Scott* v. *Walton*, 67 N. C. R. 109.

IV. A clause in a deed " as long as the system of common schools shall be kept up at the place " is not expressed in apt terms so as to amount to an exception or limitation, but passes the fee simple title, *School Committee* v. *Kesler*, 67 N. C. R. 443.

V. Nothing is reserved by the alleged exception because nothing is described, *Edmundson* v. *Hooks*, 11 Ire. 373 ; *Murdock* v. *Anderson*, 4 Jones Eq. 77 ; *Mallory* v. *Mallory*, Bus. Eq. 80 ; *Capps* v. *Holt*, 5 Jones Eq. 154.

VI. A description in a deed as of 752 acres of land including the land I now live on, and adjoining the same, is too vague to convey more than the tract lived upon. *Robinson* v. *Lewis*, 64 N. C. R. 634.

VII. But the plaintiff insists from the case of *Jordan* v. *Hollowell*, Term Reports page 605, in which this clause appears in the deed which was the subject of consideration : one half an acre of land where my grave yard is, which is at the end of my garden and the privilege thereto belonging is excepted ;" that, that case is a sufficient authority to sustain the position of plaintiff in this case. But that case is not like this. In that case, the thing excepted was *located and described 'at the end of my garden,' one half an acre where my grave yard is*. The grave yard is easily identified, and the *quantity* is shown by the exception. Not so in this case. No *location* and no *description* is given in the alleged exception, and no

reference is made to any thing by which these things can be made to appear. The law in its solicitude to prevent uncertainty, the mother of contention and confusion, has been so precise as to prescribe in conveyances certain words for the creation of an estate of inheritance, and *exceptions* in these conveyances must be as definite and certain as the words of conveyance themselves. Co. Lit. 9, a.

VIII. The construction of deeds must be strict, and the intention must be gathered from the four corners of the deed itself, and must govern the construction of every passage in it. Burton on real Property 164. 1 Russ, R. 260.

*Stallings,* contra.

PEARSON, C. J. The case depends upon a single question. On the 7th of November, 1872, James G. Branch executed a deed by which he conveyed to the defendant Keathly *in trust* for certain creditors, a tract of land known/ as his "home place, "*except so much thereof as may be laid off and assigned as a homestead under the act of Assembly and which is expressly excepted from this conveyance.*" Is this exception void because of vagueness and uncertainty?

We concur with his Honor in the opinion that the exception is operative and should be allowed to have effect by an order to lay off and assign the homestead to which James G. Branch was entitled under the statute to which reference is made. " That is certain which can be made certain."

This exception refers expressly to the Act of Assembly, by which provision is made for laying off and assigning homesteads, and the part so to be laid off is excepted from the operation of the deed. Notwithstanding the ingenious and learned argument of the counsel for the defendants, we do not think that the question calls for discussion. The cases referred to, in regard to certainty of description in deeds, exceptions and contracts, settle the rule that the subject must be so described as to make it capable of being identified ; and the purpose of this

proceeding is to have the subject of the exception, identified in the manner provided for by the statute. The only case cited which seems to bear upon the position contended for, is *Massey* v. *Warren*, 7 Jones, 143. In that case the contest was between two sets of creditors in respect to such parts of the personal property as the law allowed poor debtors. The poor debtor had made no application to have the property allotted and the allotment registered, was not known in the proceeding and had nothing to do with it, the decision turned on the construction of Sec. 529 of the Revised Code, Chap. 45. In our case the proceeding is instituted by the widow of the debtor ; she stands in his shoes, and the very purpose of the proceeding is to have the homestead laid off and identified according to the statute, so as to have the subject fitted to the description, set out in the deed made by the husband to the defendants, as being excepted from its operation and without which exception the deed would not have been executed. It is with an ill grace that while taking the benefit of the deed, the defendants seek to evade one of its express stipulations.

No error. Judgment affirmed. This will be certified.

PER CURIAM.                                  Judgment affirmed.