LOUISA C. WELCH and others v. E. O. MACY Administrator with
the will annexed of W. B. Welch.

*Homestead—Personal Property Exemption—Minor Children.*

A dies, leaving a widow and minor children (having devised his
estate by will) and thereafter the widow dies, neither of them
having applied for a homestead or personal property exemption ;
*Held,* that the minor children of A are entitled to a homestead but
not to the personal property exemption.

  (*Johnson* v. *Cross,* 66 N. C. 167, cited and approved.)

CONTROVERSY, without action (C. C. P. § 315,) submitted
on the 16th of February, 1878, to *Seymour, J.*

The plaintiffs are minor children applying for a home-
stead and personal property exemption. Their father, W.
B. Welch, devised his estate after payment of his debts, and
died ; and their mother died soon afterwards, neither one
having applied for such exemptions.

His Honor held that they were entitled to said exemp-
tions and ordered that the same be laid off and assigned ac-
cording to law. From this judgment the defendant ap-
pealed.

*Messrs. Merrimon, Fuller & Ashe,* for plaintiffs.
*Mr. W. H. Pace,* for defendant.

FAIRCLOTH, J. (After stating the case as above) Upon
these facts our decision is that plaintiffs are entitled to a
homestead, but are not entitled to the personal property ex-
emption. The statutes applicable to the case are cited, and
the reasons for the decision are given in *Johnson* v. *Cross,* 66
N. C. 167, where the same question was presented and ma-
turely considered. A repetition of them here would be sur-
plus work:

It was urged before us that the will being a mode of conveyance without the wife's dissent had the effect of vesting title to the property in the creditors. Giving full force to the suggestion,—the title would have vested in the creditors,—*eo instanti* the homestead right attached by force of the Constitution and statutes, and then upon what principle would the creditor have the preference? But it is difficult to perceive how the testator's will, coupled with the wife's silence for a few weeks, could have the same effect as his deed, with the assent and signature of his wife signified on her private examination, as required by Art. X § 8 of the Constitution.

If the Legislature should re-enact § 10 of the Homestead Act, and amend § 7 by striking out the words "as guaranteed by Art. X of the Constitution of this State," a new question would arise, to-wit, the power of the Legislature to extend the personal property exemption to minors in a case like the present, or to increase the amount thereof, which would admit of discussion.

It will be certified as the opinion of this Court, that the plaintiffs are entitled to have a homestead set apart, but are not entitled to a personal property exemption. With this modification the judgment of His Honor is affirmed.

PER CURIAM.                              Judgment modified.