JONATHAN P. CILLEY *vs.* JAMES CHILDS.

JAMES CHILDS in equity *vs.* ALEXANDER MONTEITH and another.

Hancock.     Opinion January 6, 1882.

*Deed.*

It is only when after placing themselves in the situation of the grantor at the date of the transaction, with a knowledge of the surrounding circumstances and of the contemporaneous construction given by the parties, they find themselves unable to identify the premises intended to be conveyed with reasonable certainty from the language of the instrument, that the court will declare a deed void for uncertainty in the description of the property.

M owned a lot containing about thirty acres, and being the north-westerly part of Merchants' Island. Wherever it abutted upon adjoining land it was bounded by distinctly marked and specified lines extending from shore to shore on opposite sides of the island, with undisputed monuments. Elsewhere it was bounded by the waters of Deer Isle Thoroughfare. Having bargained it to C for a full and adequate consideration, he made a deed to C, in which he described it as "a parcel of land on Merchants' Island," butted and bounded by the aforesaid lines and monuments, (which divided it from the remaining portion of the island,) and "containing thirty acres more or less." The part of the island from which it was divided by these lines contained about one

hundred and ninety acres. M owned no other land on the island. C owned the land adjoining the thirty acre lot and on the execution of the deed went into the actual occupation of that also and has lived on it ever since. His deed was recorded January 1, 1867. In April, 1869, M's creditors levied on it as his property.

*Held*, in a suit brought by the grantee of the levying creditors against C, that C obtained a good title to the thirty acre lot by the deed, and that the natural boundaries supplied whatever was necessary to define the lot conveyed; and that there was enough in the deed, read in the light of the facts agreed, to constitute a sufficient description.

ON REPORT of facts agreed.

The first of these actions is a writ of entry to recover about thirty acres of land on Merchants' Island situated in Deer Island Thoroughfare.

The second action is a bill in equity to restrain the plaintiff in the first action from prosecuting the same and to reform the the deed under which the defendant in that action claims title to the locus.

The material facts are fully stated in the opinion.

*H. A. Tripp*, for Cilley.

The deed from Monteith to Childs conveyed nothing. It is impossible to ascertain the intention of the parties from the deed, and it fails. 3 Wash. R. P. (3d ed.) 344. In *Commonwealth* v. *Roxbury*, 9 Gray, 490, three sides of the land were given and the question was as to finding the fourth, and the remarks of Chief Justice SHAW, were made upon very different facts from those existing in the present case. *Pierce* v. *Faunce*, 37 Maine, 67, differs materially from the case at bar.

*C. A. Spofford*, for Childs, cited: *Commonwealth* v. *Roxbury*, 9 Gray, 490; 3 Wash. R. P. (4th ed.) 406; *Pierce* v. *Faunce*, 37 Maine, 67.

BARROWS, J. These cases are reported together, this court to make such disposition of both, as shall be found proper upon the admitted facts.

The first is an action at law, to recover possession of a parcel of land containing about thirty acres, and constituting the northerly and north westerly part of an island called Merchants'

Island, situated in Deer Isle Thoroughfare. It was conveyed by one Matthews, by deed dated November 21, 1865, duly recorded, to one Monteith, and was therein described as "beginning at the head of the cove on the northeast side of the island, thence west northerly by land of Anthony Merchant, to a blue rock at the head of the field; thence southerly, by land of said Merchant, to a marked tree on the shore on the southwest side of the island; thence northerly, easterly, and southerly, by the shore to the bound begun at, containing about twenty-five acres."

Cilley has the legal title to it by deeds dated December 11, 1878, from creditors of Monteith, who levied on it as his property April 12, 1869, unless it passed from Monteith to Childs by his deed December 26, 1866, recorded January 1, 1867, in which the description runs thus: "a parcel of land on Merchants' Island . . . butts and bounds as follows: commencing at the head of the cove at the north side of said island, running to a blue rock in the stone wall; thence from said blue rock southwest, southerly, to a marked spruce tree, said lot containing thirty acres, more or less."

It is admitted that Childs, before receiving this deed, bargained with Monteith for the same parcel of land which Monteith had of Matthews; that both of them supposed the deed given by Monteith to Childs, was a valid conveyance thereof; that it would have been so if it had contained the following additional words which were in the deed from Matthews to Monteith, "thence northerly, easterly, and southerly, by the shore, to the bounds begun at;" that the line laid down in Monteith's deed to Childs, cuts the island into two parts, one containing about thirty acres, the other about one hundred and ninety; that Childs owned the land adjoining this parcel when he received this deed, and thereupon forthwith went into the occupation of the locus, and has lived on it ever since; that the levying creditors at the date of their levies, and Cilley, at the date of his deed from them, respectively knew of the existence of the deed to Childs, and that he was in possession of the land claiming it under said deed. Cilley's writ of entry is dated July 21, 1879.

On October 21, 1880, Childs brought the other suit, which is a bill in equity against Cilley and Monteith, based on the same

facts, asking that Cilley may be restrained from prosecuting his action at law, and that the deed may be reformed so as to declare more completely the intention of the parties to it, and for general relief. We are to deal with the admitted facts which the parties present, and are not called upon to consider questions as to their admissibility if any such could have been raised.

Moreover it is well settled law, that a deed shall not be held void for uncertainty, but shall be so construed wherever it is possible as to give effect to the intention of the parties and not defeat it; and that this may be done whenever the court placing itself in the situation of the grantor at the date of the transaction, with knowledge of the surrounding circumstances and of the force and import of the words used, can ascertain his meaning and intention from the language of the conveyance thus illustrated. Greenleaf's Cruise, vol. IV, p. 306; ed. of 1850, tit. XXXII, chap. XX, note to § 24. And this, even where it becomes necessary to reject parts of the description given as false and inconsistent. *Vose* v. *Handy*, 2 Maine, 322, 330, citing *Worthington* v. *Hylyer*, 4 Mass. 196; *Jackson* v. *Clark*, 7 Johns. 217. To the same effect are *Wing* v. *Burgis*, 13 Maine, 111, and *Vose* v. *Bradstreet*, 27 Maine, 156, 171.

In the deed of Monteith to Childs, there is nothing inconsistent or contradictory. Whatever ambiguity there is in the description of the lot intended to be conveyed, arises from incompleteness, and not from any false call. It must be supposed that Monteith intended to convey something that he himself owned, and the only questions that could possibly arise are, on which side of the lines given does it lie? What lines are to be supplied to get back to the bounds begun at? Does the language of the deed sufficiently indicate them?

We answer the last question first, affirmatively.

We think that standing in the place of the grantor and reading the deed in the light of the surrounding circumstances, we see with reasonable certainty that the only land answering to the description given, is that portion of the island which lies northerly and westerly of the lines specified in the deed, which divide the island from shore to shore, and that the waters of Deer Isle

Thoroughfare, the natural boundaries,.are intended upon those lines where, but for them, the description would be incomplete. If one who owned the whole of Merchants' Island intended to convey it, he could grant it by that name without more, and it cannot be doubted that the island would pass, and the natural boundaries would suffice to define the extent of the grant. Monteith owned a part only of the island, less than one. seventh, separated from the rest by well defined lines extending from shore to shore on opposite sides with undisputed monuments. By these lines the island is divided into two parcels, of about thirty, and one hundred and ninety acres, respectively.

His deed to Childs describes the parcel as "*on* Merchants' Island," bounded by these lines and containing "thirty acres more or less." We think that by a fair intendment this language applies to that part of the island which, when separated from the remainder by the lines specified, is found to contain the quantity mentioned as conveyed, rather than to any .undefined portion of the larger tract, and that the natural boundaries (which may fairly be reckoned among the "surrounding circumstances,") supply all that is wanting to make the description complete. The remarks of SHAW, C. J., in *Com.* v. *Roxbury*, 9 Gray, 490, are .fairly applicable here. "A deed is not to be held void for uncertainty, because the boundaries are not fully expressed, when by reasonable intendment it can be ascertained what was considered and understood by both parties to be embraced and intended to be embraced in the description." The mode which he suggests of perfecting the defective description by laying down a plan on the land according to ascertained abuttals and monuments, and giving their proper reasonable effect to natural (or otherwise well established) boundaries, where anything is wanting, would leave nothing uncertain here.

The parties in agreeing upon the facts here seem to have recognized the principle that is thus stated in *Stone* v. *Clark*, 1 Met. 380, — "When the construction of a deed is doubtful, great weight is to be given to the construction put upon it by the parties, especially in doubtful questions of boundaries which must

be presumed to be within their knowledge." See *Crafts* v. *Hibbard*, 4 Met. 452, and cases there cited.

It is agreed here that upon the execution of this deed by Monteith, Childs who was already the owner of the adjoining land, "went into the actual occupation of the locus and has lived on it ever since." A stronger case of contemporaneous construction by the acts of the parties could hardly be made out even without the additional statement that "both parties supposed the deed to be valid and efficient to convey the premises." Numerous cases might be cited illustrating the unwillingness of courts to declare deeds void for the uncertainty arising from defective description where by a resort to parol evidence the premises intended to be conveyed can be identified.

Thus in *Bybee* v. *Hageman*, 66 Ill. 519, where the premises were described as " one acre and a half in the north-west corner of section five together with the brewery, malt house, &c. thereon, situated in the county of McDonough and state of Illinois," though neither the township nor range nor specific boundaries of the lot were given, it was held that the quantity should be taken in the form of a square in the corner of the section mentioned, and that the omission of the number and range might be supplied by parol and the conveyance sustained.

*Vide* also, *Kronenberger* v. *Hoffner*, 44 Mo. 185; *Jennings* v. *Brizeadine Id*, 332; *Billings* v. *Kankakee Coal Co*. 67 Ill. 489; *Colcord* v. *Alexander*, *Id*. 581; *Ex parte Branch*, 72 N. C. 106.

We find no difficulty in saying upon the facts here presented, that although the description is not a model to be imitated, the locus passed by the deed from Monteith to Childs, which was duly recorded before the levies were made, and gives the tenant a good title as against the grantee of the levying creditors.

The result is that in the writ of entry there must be,

*Judgment for defendant.*

The bill in equity was tardy and needless.

*Bill dismissed with costs.*

APPLETON, C. J., VIRGIN, PETERS, LIBBEY and SYMONDS, JJ., concurred.