LAURA SMITH v. SAMUEL McDONALD et als.

## Homestead and Personal Property Exemptions.

1. The personal property exemption exists only during the life of the homesteader, and after his death his widow has no right to have it allotted to her.

2. A widow who has no homestead of her own, is entitled to have one allotted to her out of the lands of her deceased husband, even although no homestead was allotted to him during his life.

SMITH *v.* McDONALD.

*(Johnson* v. *Cross,* 66 N. C., 167; *Watts* v. *Leggett,* 66 N. C., 197; *Branch, ex parte,* 72 N. C., 106, cited and approved).

PETITION for the allotment of a homestead and personal property exemption, heard on appeal from a justice of the peace, by *MacRae, Judge,* at August Term, 1886, of STOKES Superior Court.

The petition was filed before a justice of the peace by the plaintiff, as widow of Charles Smith, to have her homestead and personal property exemption laid off and allotted to her, in the property of her deceased husband.

The following facts were admitted by counsel upon a case agreed, after the defendants, who were the creditors and heirs-at-law of Charles Smith, had made themselves parties defendant before the justice of the peace.

Charles Smith died intestate on the — day of ——, 1886, owning at the time of his death, one half acre lot in the town of Danbury, on which is a small store house, as the only improvement, worth about two hundred and fifty dollars, and no other real estate. He also owned personal property, and solvent credits to the amount of about five hundred dollars, and at the time of his death was indebted to the amount of about three hundred dollars. There had been no administrator appointed to administer his estate. No homestead nor personal property exemption had been allotted to him previous to his death, nor had he ever applied for the same.

At the time of his death, he left him surviving the petitioner, his widow, and no children, but brothers and sisters as his only heirs-at-law.

The petition in this case is on the part of the widow, to have the above-mentioned town lot and personal property assigned to her as a homestead and exemption for the benefit of herself.

At the time of his death he was indebted to Samuel McDonald and others to the amount of about three hundred dollars.

From the above facts it is for the Court to say whether the said Laura Smith is entitled to a homestead and personal prop-

erty exemption in the above-mentioned house and lot and personal property.

The creditors and heirs-at-law resist the application, on the ground that inasmuch as the intestate had made no application for, nor had his homestead and exemption laid off and allotted to him during his lifetime, that she cannot now do it.

Upon this state of facts the justice of the peace gave judgment for the petitioner, granting the prayer of the petition, from which the defendants appealed.

In the Superior Court, the judgment of the justice was affirmed, and the defendants appealed to this Court.

*Mr. Glenn*, for the plaintiff.
*Mr. Holman*, for the defendants.

ASHE, J. (after stating the facts).   We assume that the proceedings had in the Court below were regularly taken, as no objection was made in this Court upon that ground.

As to the personal property exemption, we think there was error in the judgment of the Court below.   The widow was not entitled to that exemption.   There is no provision in the Constitution, nor any act of the Legislature, which gives her such a right.   In *Johnson* v. *Cross*, 66 N. C., 167, it is held, that the personal property exemption provided by Art. X of the Constitution, and laws passed pursuant thereto, exists only during the life of the homesteader, and after his death passes to his personal representatives, to be disposed of in a due course of administration.

But there was no error in the judgment so far as it gave to the widow her homestead in the land of her husband.   The defendants contended that the widow was not entitled to a homestead in the land of her deceased husband, unless it had been laid off, and quantity and valuation fixed with some definite description, in the lifetime of the husband, for §5, Art. 10, of the Constitution provides, "If the owner of a homestead die,

leaving a widow, but no children, the same shall be exempt from the debts of her husband, and the rents and profits thereof shall enure to her benefit, during her widowhood, unless she be the owner of one in her own right." That the meaning of this provision is, that the widow is not entitled to a homestead in the lands of her husband unless he himself was the *owner* of the homestead, which he cannot be unless it has been laid off and allotted to him in his lifetime, and that the act of 1868–'69 (The Code, §514), cannot have the effect of enlarging the benefits given by the Constitution.

It is too late to raise these questions, for they have been too, well settled by the decisions of this Court.

The constitutionality of the section of The Code referred to, was considered and decided in the case of *Watts* v. *Leggett*, 66 N. C., 197, when PEARSON, C. J., who delivered the opinion of the Court, held that, " the manifest purpose of the act of 1868–9, Chap. 137, (The Code, §514), is to prevent the widow and children from being prejudiced by the omission of one entitled to a homestead to cause it to be laid off in his lifetime. It cannot be supposed that the effect of the statute is to go beyond the Constitution, when its professed object was to carry into effect its provisions."

And as to the other exception taken by the defendants, that the widow was not entitled to a homestead because it had not been allotted to her husband in his lifetime: Without going into a discussion of the question, and showing that the husband is the owner of the homestead, because he was the owner of the land, and the *title* to the homestead thereon was vested in him by the Constitution, and not by virtue of any act of the Legislature, we need only refer to the case of *Jemima Branch ex parte*, 72 N. C., 106, which is a case directly in point, and a decision of the question under consideration. That was a case where the widow, after the death of her husband, no home-, stead having been allotted to him in his lifetime, filed her petition before a justice of the peace to have a homestead laid o

and allotted to her in the land of her deceased husband. The creditors had themselves made parties defendant before the justice, and from the judgment therein rendered in favor of the plaintiff, appealed to the Superior Court, where the judgment of the justice was sustained, and upon an appeal to this Court, the judgment of the Superior Court was affirmed.

The only difference in the facts of that case and this is, that there the husband had made a conveyance of his land to a trustee for the benefit of certain creditors, in which was the following claim: "Except so much thereof as may be laid off and assigned as a homestead under the act of Assembly, and which is expressly excepted from this conveyance." That claim in the deed in no way distinguished that case from this, for by the exception in the deed, the land remained liable to the homestead, just as if no deed had been made.

The judgment of the Superior Court must be reversed, so far as it relates to the exemption of the personal property, and affirmed as to the homestead. Let this be certified to the Superior Court of Stokes County, that the case may be disposed of in conformity to this opinion.

*It is so ordered.*