HENRY TUCKER v. FLORA TUCKER.*

*Homestead— Widow.*

A homestead, whether laid off to a husband in his life-time, or to his widow (there being no children), after his death, cannot be divested in favor of the heir by the release or extinguishment of the deceased husband's debts.

This action was commenced in the Superior Court of New Hanover County, to have the defendant's dower allotted to her in the land mentioned in the pleadings, and heard, upon

*SHEPHERD, J., did not sit in this case.

appeal from the Clerk, at Spring Term, 1888, before *Shep-herd, J.*, upon the following facts, found as a special verdict:

"William Tucker, the husband of the defendant, died seized and possessed of the property in controversy, leaving the defendant as his widow, and the plaintiff as his only heir-at-law, said plaintiff being an adult brother; and that said William Tucker died in the year 1880; that at the date of his death, said William Tucker left some debts, but that said debts have been since paid by the plaintiff, in the year 1887; that in the year 1880, while said debts were existing, defendant had her homestead laid off and allotted according to law; that the personal property was exhausted in the payment of the debts, and was insufficient to pay them, and the final account of said Flora (defendant), as administrator (administratrix), who was duly qualified as such, was filed and approved on February 1, 1882."

Upon these facts, his Honor adjudged that the plaintiff was not entitled to the relief demanded, and that the defendant was entitled to the homestead which had been set apart to her.

From this judgment the plaintiff appealed.

*Mr. J. D. Bellamy*, for the plaintiff.
*Mr. Thomas H. Strange*, for the defendant.

DAVIS, J.   It is said for the plaintiff, that if the husband dies, leaving no debts and no children, the widow will not be entitled to a homestead, but only to dower, and it is insisted that, this being so, the homestead is conferred simply as a protection against creditors, and that if the homestead has been assigned, and the heir, representing the deceased debtor, pays off the debts, there will no longer be a necessity for the continuance of the homestead estate, and the heir will become entitled to the land, subject only to the

widow's right of dower; and for this position *Hager* v. *Nixon*, 69 N. C., 108, is cited. It is there said, that where no homestead was laid off in the life-time of the husband, it may be laid off as a protection against creditors, but is valid and available against them only. "As between the widow and the heirs, the estate goes under the general law," and there is a *quære* as to what would be the result, if the heir should procure the creditor to release and extinguish the debt, which seems to have been done in the present case.

It appears, from the statement of facts agreed, that there were debts, and that the homestead was allotted to the widow (defendant) according to law, and the allotment or assignment was void. *Smith* v. *McDonald*, 95 N. C., 163, and cases there cited.

We are clearly of the opinion that the homestead, whether laid off to the husband in his life-time, or, when he leaves no children, to his widow, after his death, cannot be divested in favor of the heir by the release or extinguishment of the debts of the deceased husband, but it shall inure to the benefit of the widow "during her widowhood." Constitution, Art. X, § 5; *The Code*, § 514.

No error.                                        Affirmed.