CHIEF JUSTICE SIMPSON
delivered the opinion of the court:
William Thornton, a man of color, was indicted in the Taylor circuit court, on a charge of vagrancy. At the November term of the court, in the year 1857, he, with three other persons as his securities, entered into a recognizance in the sum of one hundred dollars for his appearance at the next term of the court. At the March term, 1858, being the next term of the court, an order was made forfeiting his recognizance, because of his failure to appear, and awarding a summons against him and his securities to show cause why judgment should not be rendered against them for the amount of the recognizance.
At the September term, 1858, Thornton was tried on the charge contained in the indictment, and after the evidence was heard, the prosecution was dismissed by the attorney for the commonwealth. Afterwards, and during the same term, the proceeding against him and his securities to obtain a judgment for the amount of the forfeited recognizance was tried, and the court, after having heard the evidence, refused to render a judgment for the amount of the recognizance, and only rendered a judgment against the defendants for costs.
The Commonwealth has prosecuted an appeal, and it is urged on the part of the appellant, that the circuit court was bound to render a judgment for the amount of the recognizance, and that the provisions of the Criminal Code, giving to the court a discretion on the subject, are unconstitutional.
The following are the provisions referred to, viz :
Sec. 88. “If the defendant fail to appear for trial or judgment, or at any other time when his presence in court may be lawfully required, or to surrender himself in execution of the *382 judgment, the court must direct the fact to be entered on the minutes, and thereupon the bail bond, or the money deposited in lieu of bail, is forfeited.
Sec. 89. “If, before the final adjournment of the court, the defendant appears, and satisfactorily excuses the failure, the court may discharge the forfeiture.
Sec. 94. “ If, before judgment is entered against the bail, the defendant be surrendered or arrested, the court may, at its discretion, remit the whole, or part of the sum specified in the bail bond.”
It is contended that the exercise of the power conferred by the last section is a manifest infringement of the rights of the executive department of the government, being a power which, under the constitution, is vested exclusively in the governor.
This argument is evidently based on a misconception of the power conferred upon the court. It is not a power to remit a fine or a forfeiture, in the sense in which these terms are used in the constitution. It is merely a judicial discretion, to render judgment in the action on the bail bond, for such part thereof as, under the facts proved upon the trial, may be just and proper.
The entry upon the record, which the court is required to make by the first section above quoted, amounts only to evidence of a breach of the condition of the bond. By the failure to appear the bond is forfeited; that is, the condition is broken, and the entry furnishes record evidence of that fact.
If, before the adjournment of the court, the defendant appears, and satisfactorily excuses the failure, the court is authorized to set aside the entry upon the record which shows that the condition of the bond was broken, and thereby, in the language of the Code, discharge the forfeiture.
The 94th section allows to the defendant a right to present and rely upon certain facts, by way of defense to the action on the bail bond. It gives to the court authority to consider this defense on the trial, and to render judgment for any part of the sum specified in the bail bond it may deem proper. It introduces a new description of defense in such an action, and renders it available to such extent only as the facts and cireum- *383 stances proved may justify. According to the previous law, the court, after the expiration of the term at which the forfeiture of the bond was entered, could not afford any relief, although satisfied that the failure of the defendant to appear was occasioned by some unavoidable- casualty. To remedy this hardship, such matters are permitted, under this provision of the Code, to be set up and relied upon as a defense to the action on the bail bond, provided the defendant lias been surrendered or arrested.
This is the whole effect of the provision. It only confers & judicial power. The language used in the Code, when superficially considered, would seem to imply a right to exercise an absolute and unlimited power. It is said therein, “ the court may, at its discretion, remit the whole or part of the sum specified in the bail bond.” This discretion, however, is to be exercised judicially upon consideration of the facts relied upon in the defense, and is not an arbitrary and uncontrollable discretion. The right to remit, which is conferred, is only a power to decide how much, if any part of the sum specified in the bail bond, a judgment shall be rendered for. The defense which the Code authorizes may be, as established by the proof, sufficient to diminish the amount of the judgment, although insufficient to entitle the defendants to a discharge from all liability on the bond. In this respect the defense is somewhat anomalous in its character, but still, it is such a defense as the legislature could allow the obligors in the bond to make, and empower the court to hear and determine.
It is not contended that there was any abuse of its discretion by the court in this case, but the exercise of the power conferred by the Code was the only point made and relied upon to reverse the judgment.
Wherefore, the judgment is affirmed.