DANIELS *v.* DANIELS. { Dec. 7, 1875.

*Divorce—Signing of Libel.*

If a libel for divorce is not actually signed by the libellant, the signature must be written in her presence and by her direction, in order to answer the requirements of the statute.

FROM STRAFFORD CIRCUIT COURT.

LIBEL FOR DIVORCE filed in vacation. The libel was drawn up by a student, in the office of the plaintiff's attorney, from minutes given by the plaintiff to her attorney. The plaintiff's name was signed to the libel by the student, as follows: "Mary E. Daniels, by Frank Hobbs, her attorney"—and then sent to the plaintiff, who made affidavit that she first carefully read the libel, and noticed the signature, adopted it as her own, and caused it to be entered, and a copy of libel and order of notice to be served on the defendant.

The defendant's attorney, Mr. Fowler, of Boston, appeared, generally, and moved to dismiss, on the ground that the signature to the

libel was not the signature of the plaintiff, as she did not see her name written. The court ordered the libel dismissed without prejudice.

The questions of law arising on the above case were transferred to the superior court for determination by RAND, J.

*Hobbs*, for the libellant.

*William P. Fowler*, of Massachusetts, for the libellee.

CUSHING, C. J. By General Statutes, ch. 163, sec. 6, " every libel shall  *  *  be signed by the libellant, if of sound mind and of the age of legal consent."

The provision in regard to the signing of writs by the justice, and that concerning the signing of the libel by the libellant, are almost exactly in the same terms. The statute in regard to the signing of writs —Gen. Stats., ch. 203, sec. 12—has been the subject of judicial construction in *Kidder* v. *Prescott*, 24 N. H. 263,* in which it was held that the signature is not that of the justice unless it is written in his presence. In the same way I think it must be held that the signature cannot be, under the statute, that of the libellant, unless written in her presence. There is no suggestion that the libellant is not of sound mind and of the age of consent.

The result, then, is, that the libel was properly dismissed, and, as the merits of the case have not been tried, it was also properly dismissed without prejudice.

LADD and SMITH JJ., concurred.

*Exceptions overruled.*

---

*And see *Willard* v. *Willard*, 4 Mass. 506, *Winslow* v. *Winslow*, 7 Mass. 96, *Gould* v. *Gould*, 1 Met. 382, and authorities cited in *Woodbury* v. *Woodbury*, 47 N. H. 13, 18.

REPORTER.