[No. 11258.   In Bank.—January 25, 1888.]

THOMAS KELLY, RESPONDENT, *v.* CENTRAL PACIFIC RAILROAD COMPANY, APPELLANT.   G. W. COLE, INTERVENOR AND RESPONDENT.

SPECIFIC PERFORMANCE — COSTS.—Where specific performance is refused because of the fraudulent misrepresentations of the plaintiff, and the defendant is free from blame, costs should not be awarded to the plaintiff, but should be awarded to the defendant.

APPEAL from a judgment of the Superior Court of Placer County.

The facts are stated in the opinion, and in the opinion in *Kelly* v. *Central Pacific Railroad Company, ante,* p. 557.

*Hale & Craig,* for Appellant.

*J. M. Fulweiler,* and *Hart & White,* for Plaintiff and Respondent.

*A. P. Catlin,* and *C. A. & F. P. Tuttle,* for Intervenor and Respondent.

HAYNE, C. — The facts of this case are stated in *Kelly* v. *C. P. R. R. Co., ante,* p. 557.   The court below refused to order specific performance in favor of the plaintiff, but ordered the land to be conveyed to the intervenor, and stated in its conclusions of law " that said railroad company pay all the costs of this action."   Judgment

was entered accordingly. The company appeals from so much of the judgment as relates to the costs.

We are inclined to think that a suit for specific performance "involves the title" to real estate within the meaning of sections 1024 and 1022 of the Code of Civil Procedure; and that, therefore, upon a judgment in its favor, the defendant was entitled to costs against the plaintiff as a matter of right. But assuming in favor of the plaintiff that this is not so, and that costs were in the discretion of the court, then we think there was an abuse of discretion. The plaintiff was denied a judgment because of his fraudulent misrepresentations. The defendant was free from all blame. What is there in this state of facts which entitled the plaintiff to costs? According to the practice of courts of equity, "where a specific performance is denied in consequence of any unfairness on the part of the plaintiff, costs seem to follow as of course." (2 Hovenden on Fraud, 24.)

No argument is made by appellant as to the intervenor's costs, and for that reason we have not examined that branch of the question.

We therefore advise that that part of the judgment which relates to costs between the plaintiff and the defendant be reversed, with directions to the court below to enter judgment for defendant against plaintiff for its costs of suit; the defendant to recover its costs of appeal from plaintiff.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, that part of the judgment which relates to costs between the plaintiff and the defendant is reversed, with directions to the court below to enter judgment for defendant against plaintiff for its costs of suit; the defendant to recover its costs of appeal from plaintiff.

Rehearing denied.