[S. F. No. 703.    Department Two.—March 10, 1898.]

## AUGUST QUITZOW, Respondent, v. E. B. PERRIN et al., Defendants. ROBERT PERRIN, Appellant.

COMMISSIONS OF REAL ESTATE AGENT—SALE AND EXCHANGE OF LANDS—RE-CONVEYANCE OF GREATER PART UPON DISAPPROVAL—GENERAL VERDICT FOR REDUCED COMMISSIONS.—In an action by a real estate agent to recover commissions upon the sale and exchange of lands, under a contract providing that commissions were to be earned at the time when actual transfer by deeds of conveyance was executed, where it appeared that conveyances were executed between the employer and a purchaser procured by the agent, for a large consideration, but upon disapproval by the employer of the lands received in exchange, the greater part of the lands were reconveyed, a general verdict for the plaintiff for greatly reduced commissions, is to be accounted for by the intention of the jury to treat the lands reconveyed as not the subject of commissions earned, and where it appears that the jury might have been justified in granting the whole of the commissions claimed under the contract, the defendant has no ground of complaint against the verdict for the reduced amount.

ID.—EXPENSE OF PROCURING ABSTRACT—REASONABLE CHARGE—SCHEDULE OF RATES.—The real estate agent was entitled to recover a reasonable sum paid for procuring a necessary abstract of title for the benefit of his employer; and where the sum paid therefor appears to be reasonable, the fact that the searcher of records, who was paid for such abstract, based his charges upon a schedule of rates charged for such service by members of a real estate board, and in accordance with its rules and customs, and that evidence of such schedule of rates was received as part of the testimony of such searcher of records is immaterial, and such evidence, even if erroneous, is without apparent injury.

ID.—COSTS—RECOVERY LESS THAN THREE HUNDRED DOLLARS—JURISDICTION—REVIEW OF ORDERS.—The court has no authority to grant costs in an action for the recovery of money, where the recovery is less than three hundred dollars; and when the judgment for less than that sum

allowed costs, but did not fix the amount, and this was done afterward, upon a motion to retax costs, and after the court had stricken out the cost bill, the subsequent orders were proceedings relating to the judgment and became part of it, and the error in allowing costs may be corrected upon appeal from the judgment, by striking out the costs allowed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. W. R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

B. McKinne, and Evans & Meredith, for Appellant.

George M. Hurlbut, and A. Barnard, for Respondent.

CHIPMAN, C.—Action for $2,700 alleged to be due plaintiff from defendants as commissions for the sale and exchange of certain lands belonging to defendants, and also for $162 incurred by plaintiff as expenses in preparing abstract and obtaining data regarding certain hotel property in the city of Chicago, at defendants' request. The complaint and answer are verified. A demurrer to the complaint was overruled.

The cause was tried by a jury. Judgment of nonsuit was entered as to defendant E. B. Perrin, and verdict given for plaintiff against the defendant Robert Perrin for the sum of $257.40, upon which judgment was entered; "with said plaintiff's costs and disbursements incurred . . . . retaxed by court at $197.37." The appeal is from the judgment and from an order denying motion for new trial, and is here on a statement of the case.

The complaint alleges that defendant E. B. Perrin was engaged in the business of buying, selling, and exchanging lands in the county of Fresno; that defendant Robert Perrin was the agent and partner of said E. B. Perrin, and as such agent and for himself executed to plaintiff in writing the following agreement:

"San Francisco, May 9, 1894.

"We hereby agree to pay to August Quitzow 2½ per cent commission for acting as our agent and attorney in trading Fresno county lands for any real estate we may approve of, said commission to be due at the time actual transfer by deeds of con-

veyance are executed. If no deeds of conveyance are executed, or actual transfers of property made, there will be no commission earned.                              ROBERT PERRIN."

That after the delivery of said contract to plaintiff, to wit, on May 10, 1894, plaintiff brought to the office of defendants in San Francisco one B. H. Hellen of Chicago and introduced him to defendants for the purpose of selling or trading to said Hellen said Fresno lands; "that thereafter said Hellen, or parties represented by him, purchased or traded from said defendant 2,080 acres of said lands, all of the value of $108,000, and that said Hellen did, on or about the fourth day of June, 1894, receive a deed or deeds of conveyance of said lands from said defendants." It is further claimed that defendants were indebted in the sum of $162 for preparing abstract, etc. Defendants admit the execution of the agreement, but allege that it was signed by Robert Perrin acting for himself alone. The answer admits the delivery of deeds on June 4th to Hellen, but alleges that it was upon certain conditions, to wit: That he, Hellen, had deeds from certain parties, the owners of certain lands in Missouri, Minnesota, Michigan and North Dakota, which he proposed to deliver in exchange, but that Hellen's representations were false and fraudulent; that defendant Robert Perrin left with Hellen a deed to certain Fresno county lands, with the understanding that he, Perrin, "was not conveying the lands described in said deed and was not to be used by said Hellen for any purpose whatever until the said defendant, Robert Perrin, had examined and ascertained the value of said lands and had satisfied himself fully as to whether said deeds received by said defendant, Robert Perrin, from said Hellen were genuine and conveyed the legal title," and he, Perrin, had approved the same and had ascertained the value of the lands, etc., that defendant, Robert Perrin, immediately thereafter made investigation and learned that the deeds delivered by Hellen were fraudulent and void, and defendant so notified Hellen, and demanded the return of the deeds and disapproved said title. There is no allegation that plaintiff had any knowledge of the alleged fraud of Hellen, or of the notice served upon the latter by defendant.

The evidence is conflicting. It tends to show that plaintiff introduced Hellen to appellant after the contract was delivered

to plaintiff; that the result of the meeting was the exchange of deeds by Hellen and appellant—appellant delivering deeds to about 2,080 acres of Fresno county lands, and Hellen delivering deeds to various properties in certain western states; that appellant afterward learned sufficient about the Hellen properties to lead him to declare himself not satisfied and to demand a reconveyance from Hellen, and Hellen reconveyed a portion of the lands, but it does not appear what appellant did with the deeds delivered to him by Hellen; that at the time appellant delivered the deeds to Hellen the title of the Fresno lands, except forty acres, was not in appellant, but he claimed that he could make the title good if Hellen's properties came up to representations. The evidence also tended to show that there was no condition attached to the exchange of deeds, although appellant testified there was a condition—namely, that the lands were to be reconveyed if appellant did not approve of the land offered him in exchange; that in addition to this exchange of lands brought about through this meeting, appellant employed plaintiff to make certain investigations as to certain valuable hotel property in the city of Chicago which appellant desired to purchase or exchange lands for; that the services were performed and cost plaintiff the sum of $162; that the Fresno lands were variously estimated to have a value from $2.50 to $60 per acre; that plaintiff had no knowledge of what took place between appellant and Hellen after he brought them together, and that no collusion or fraud on the part of plaintiff appears or is charged.

1. Appellant devotes much attention to the proper construction to be given the contract, and claims that no commissions were earned because he did not approve of the lands to which he took deeds from Hellen and because there was no actual transfer of lands by appellant. The verdict is general. Assuming that the jury believed plaintiff's evidence, which we must do, there was enough to support the verdict as to the item of $162. Plaintiff testified that this amount was charged by the persons employed at Chicago to make the search and report, which was quite extended and embraced important information, and the amount charged appeared to be the schedule rates charged for such service by members of the Chicago real estate board. The balance of the $257.40, to wit, $85.40, may be readily accounted

for from the evidence as commissions upon property conveyed by appellant and for which, so far as we know, appellant retained the consideration. The conduct of the parties was such as might have justified the jury in believing that the exchange of deeds was an approval of the lands received by appellant, and was an actual transfer of the properties by both parties. If the jury accepted all the evidence of plaintiff, and rejected all of defendants' evidence, a much larger verdict would have found support. That the jury reduced the claim for commissions to so small a sum indicates no necessary disbelief of plaintiff's evidence, but may be accounted for by the intention of the jury to treat the lands reconveyed as not the subject of commissions earned. We do not think that appellant has cause of complaint from any view of the testimony which the jury took in reaching their verdict, or from any view that may be taken of the contract. There seems to be no necessity for a discussion of appellant's legal propositions in this connection.

It is contended by appellant that there was no evidence to support the item of $162 except that of the real estate agent and searcher at Chicago, who based his charge upon a schedule of charges and "in accordance with the rules and customs of the Chicago real estate board." The court admitted this schedule as part of the testimony of the witness to which appellant objected and assigns as error. We need not inquire whether the ruling was correct, for plaintiff testified that he was employed by appellant to have the work done and that it cost the sum named. The charge does not seem unreasonable, whether agreed to among the profession of searchers and real estate agents or not. Conceding error in admitting the schedule of rates, it was without apparent injury.

2. It is objected that the court erroneously retaxed the costs and gave judgment for costs after having granted a motion to strike out the costs; further that under sections 1022 and 1025 of the Code of Civil Procedure, no costs could be allowed where recovery is for less than $300.

A stipulation of the parties filed here December 9, 1896, states that the court retaxed the costs May 22, 1896, having previously granted a motion to strike out the cost bill. The verdict was rendered January 28, 1896, and the judgment was recorded the next day.

The order retaxing costs was made after judgment, and it is claimed by appellants that there is no appeal from this order and it cannot therefore be reviewed. (Citing *Schallert-Ganahl etc. Co. v. Neal,* 94 Cal. 182; *Dooly v. Norton,* 41 Cal. 439.)

Furthermore, it is claimed that this court has no jurisdiction of an appeal from an order made after final judgment as to costs where the amount is less than $300. (*Fairbanks v. Lampkin,* 99 Cal. 429.)

Appellant's position is correct if the case falls within the rules as laid down above. But does it? The court had no authority to allow costs, as the judgment was for less than three hundred dollars. (Code Civ. Proc., sec. 1022.)

The judgment as found in the record allowed costs but did not fix the amount; this was done afterward upon motion to retax costs, and after, as appears from the stipulation referred to, the court had stricken out the cost bill. The stipulation does not have the effect nor does it purport to amend the judgment as entered; except to show that the court, after judgment was entered, retaxed the costs and the amount was inserted in the judgment. The question then is, May not appellant take advantage of the error on his appeal from the judgment? He could not do so had he appealed from the subsequent order even if he had taken such appeal. (*Fairbanks v. Lampkin, supra.*) Having allowed costs in the first instance in the judgment, the subsequent proceedings—first to strike out the cost bill, and second to retax costs—were proceedings, it seems to us, having relation to the original or final judgment and became part of it, and the error may be corrected on the appeal from that judgment.

We think the judgment should be modified by striking out the item of costs allowed, and otherwise to stand as entered.

Britt, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment is modified by striking out the item of costs allowed, and otherwise stands as entered.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.