[S. F. No. 1547.  Department One.—October 4, 1900.]

P. R. SCHMIDT, Appellant, v. CHRISTIAN KLOTZ, Respondent.

QUIETING TITLE— RIGHT OF WAY ALONG OLD ROAD—DESCRIPTION IN DEED—ACTS OF PARTIES—LOCATION OF ROAD.—In an action to quiet title to a right of way eighteen feet in width, along an old road, conveyed by deed from the defendant to the plaintiff, the court may consider the acts of the parties in adopting the description contained in the deed, the building of fences by the defendant so as to give a road eighteen feet in width, and the use and repair by the plaintiff of the road so fenced, for a period of ten years, as indicating the correct location of the road.

ID.—RECOVERY OF COSTS—RIGHT OF WAY APPURTENANT TO LAND NOT ADMITTED.—Where the plaintiff sought to quiet title to a right of way conveyed by deed of the defendant as "appurtenant to plaintiff's land," and defendant claimed an estate in the right of way, and merely admitted the right of plaintiff to travel over so much of said land as lies between the fences erected by the defendant, such answer is not to be construed as an admission or disclaimer of the appurtenant right of way claimed by plaintiff, and upon recovery of judgment by the plaintiff upon a finding of his ownership of such right of way, he is entitled to recover costs, as a matter of course, and a direction that each party pay his own costs is erroneous.

ID.—JUDGMENT INCLUDING MATTER NOT IN ISSUE—REMOVAL OF LIMBS OF FRUIT TREES—MODIFICATION UPON APPEAL.—A judgment including matter not in issue, providing that limbs of fruit trees growing on plaintiff's land, not included in the right of way, may be removed by the defendant so far as they may interfere with passage over the road, in regard to which interference no evidence was introduced, is erroneous, and should be modified upon appeal by striking out such matter therefrom.

APPEAL from a judgment of the Superior Court of Napa County.  E. D. Ham, Judge.

The right of way over the defendant's lands, set forth in the deed from the defendant to the plaintiff, was described as follows: "Commencing at a point where the old road, as now used, crosses the boundary line between our said lands, and running thence easterly on the line of said old road to the east line of my land, said roadway or right of way to be eighteen feet wide,

with such additional width as may be necessary at the curves or turns thereof." Further facts are stated in the opinion.

F. E. Johnston, for Appellant.

T. B. Hutchinson, for Respondent.

COOPER, C.—Action to quiet title to a right of way. Plaintiff recovered judgment and appeals therefrom, claiming that the judgment is erroneous in several respects, and that he is entitled to more relief than is therein given.

The court had the right to consider the acts of the parties in adopting the description contained in the deed of the right of way from defendant to plaintiff, and the building of fences by defendant and use of the road by plaintiff. (Tyler on Boundaries, 124; *Mulford v. Le Franc*, 26 Cal. 108; *French v. Carhart*, 1 N. Y. 102; *Stone v. Clark*, 1 Met. 380.[1]) It is evident that the main intention of the defendant in giving the deed, and of the plaintiff in getting it, was to give to plaintiff a right of way eighteen feet wide along an old road. The right of way was opened by the building of fences by defendant. It was eighteen feet wide at all places. The plaintiff enjoyed it and kept it in repair. It is not reasonable to suppose that for the space of ten years the description thus adopted without question was not intended to be the correct one.

The portion of the findings and judgment directing that each party pay his own costs is erroneous. The code directs that costs are allowed of course to the plaintiff upon a judgment in his favor in an action which involves the title or possession of real estate. (Code Civ. Proc., sec. 1022, subd. 5.) This was an action involving the title of the right of way and the possession thereof. In all cases provided in section 1022 of the Code of Civil Procedure the words "of course" mean as a matter of right, and in such cases the question of costs is not left to the discretion of the court, but they follow the judgment. (*Stoddard v. Treadwell*, 29 Cal. 282.)

The defendant claims that plaintiff is not entitled to costs, for the reason that he disclaimed in his answer any interest in the

[1] 35 Am. Rep. 370.

right of way to which plaintiff's title was quieted by the decree. We do not so construe the answer. Defendant expressly admits in the answer that he claims an estate and interest in the property, and alleges "that the same is valid and absolute thereto." In the affirmative part of the answer the defendant admits the "right of plaintiff to travel so much of said land as lies between said fences." This was not an admission of "the right of way appurtenant to plaintiff's land" which the plaintiff claimed, and which the court found he was the owner of.

The findings and judgment provide that the right of way does not include a line of fruit trees on the north side of said right of way, and that wherever the limbs of said trees interfere with the substantial passage over said road the defendant may remove them, or so much of them as will free said right of way. This was in regard to matter not properly before the court, and it has no place in the judgment and findings. There was no issue made by the pleadings as to any fruit trees. It was not necessary for the court, after describing the right of way by metes and bounds to say what was included in the right of way. Neither was it necessary to authorize the defendant or the plaintiff to remove the limbs of trees overhanging the road. The action was brought to have plaintiff's title to the right of way quieted, and this was sufficient and all that was necessary for the court to do. Besides, there is no evidence that any limbs of any trees interfere with the right of way.

We advise that the judgment be modified by striking therefrom the following clauses: "And that each party shall pay his own costs herein, and plaintiff is denied costs against defendant," and "The above right of way does not include the line of fruit trees, or any of said trees, on the north side of said right of way, standing from the county road up to opposite the house of defendant; but wherever the limbs of said trees interfere with the substantial right of passage over said road the defendant may remove them, or so much of them as will free said right of way"; and as so modified the judgment be affirmed, the plaintiff to recover his costs on this appeal.

Haynes, C., and Gray, C., concurred.

CXXX. Cal.—15

For the reasons given in the foregoing opinion the judgment is modified by striking therefrom the following clauses: "And that each party shall pay his own costs herein, and plaintiff is denied costs against defendant," and "The above right of way does not include the line of fruit trees, or any of said trees, on the north side of said right of way, standing from the county road up to opposite the house of defendant; but wherever the limbs of said trees interfere with the substantial right of passage over said road the defendant may remove them, or so much of them as will free said right of way"; and as so modified the judgment is affirmed, the plaintiff to recover his costs on this appeal.          Van Dyke, J., Garoutte, J., Harrison, J.