[L. A. No. 905.   Department Two. — August 21, 1901.]

## M. E. BENSON et al., Respondents, v. J. Q. BRAUN, Appellant.

COSTS — FAILURE OF PLAINTIFF TO RECOVER — DEFEAT OF COUNTERCLAIM — DISCRETION. — A plaintiff who fails to recover against a defendant is not entitled to any costs against him, notwithstanding his costs were largely incurred in defending against a counterclaim of such defendant, upon which the defendant also failed to recover. In such case the court is allowed no discretion as to the costs.

MINING CLAIM — OPTION TO PURCHASE — EXPENSE OF PROSPECTING — CONSIDERATION OF OPTION — REASONABLE REQUIREMENT. — Where an option is given to purchase a mining claim, an agreement that the proposed purchaser shall expend money in prospecting the mine by the sinking of a shaft, to enable him to exercise his option, is a pledge of good faith, and is a reasonable requirement; and the expenditure made in exploiting the mine is in consideration of the option.

ID. — OPTION NOT EXERCISED — FAILURE OF TITLE — REFUSAL OF DEED — EXPENSE NOT RECOVERABLE — VALUE NOT ENHANCED. — Where the proposed purchaser does not appear to have exercised his option by tender of the purchase-money or otherwise, he cannot, merely because he refused the tender of a deed by the vendor for failure of title to one half of the mine, recover from the vendor the money expended in sinking the shaft, which is not shown to have discovered that the mine was of any value, and which is found not at all to have enhanced its value.

APPEAL from a judgment of the Superior Court of Los Angeles County.   D. K. Trask, Judge.

The facts are stated in the opinion of the court.

M. W. Conkling, for Appellant.

Bledsoe & Bledsoe, for Respondents.

TEMPLE, J.— The facts out of which the first point presented in this appeal arises may be briefly stated. Plaintiffs brought an action at law upon a money demand against appellant and another. In addition to his answer denying plaintiffs' allegations, appellant interposed a counterclaim. Plaintiffs failed to recover against appellant, but did have judgment against a co-defendant. Appellant also failed to recover upon his counterclaim. Judgment was rendered against both defendants for costs.

The judgment for costs against appellant is clearly erroneous. In such cases the court is allowed no discretion. The question is settled by sections 1022 and 1024 of the Code of Civil Procedure. It may be that the costs were nearly all incurred in defending against the counterclaim, but even then the statute does not authorize the court, where the plaintiff fails to recover, to charge the defendant with any portion of the costs.

But the appellant contends that he ought to have recovered upon his counterclaim. It contained two counts. The first was for money had and received, which need not be further noticed.

The second count in the counterclaim is of the same character, except that the facts are set forth. In it appellant set up a contract for an option to purchase a mining location from plaintiffs, by him and his assigns, for six thousand dollars, on or before September 18, 1897, plaintiffs to furnish a "good certificate showing the title to said claim to be vested in plaintiffs," except as against the United States.

The contract is copied into the complaint, and contains an allusion to a previous contract, by which plaintiffs were employed by the vendees to sink a shaft on the mine. It is averred that the vendees tendered to plaintiffs the six thousand dollars purchase-money, and demanded the deed with the stipulated certificate, but plaintiffs refused to make the deed or certificate, and as a matter of fact, it is charged, plaintiffs were unable to convey a good or merchantable title to the location.

Appellant further charged that the vendees entered into possession of the mining location in pursuance of the contract, and, before discovering the invalidity of plaintiffs' title, expended $1,750 in making lasting improvements on the mine, of the value stated. Rescission and demand are averred.

The court finds that the agreement alluded to in the writing set out in the counterclaim was made with Lanterman, one of appellant's assignors, and was to the effect that "if Lanterman or his assigns shall, on or before June 18, 1897, make a contract with us to sink shaft on the Terre Marie Mining Claim," "we will make and execute a bond to him or his assigns to deed to him or his assigns said claim, at any time on or before three months from the date of the said contract, and to furnish," etc., the certificate as to title. A further contract was executed by Lanterman, agreeing to pay for sinking the shaft.

It was found that the shaft was sunk, and plaintiffs received from appellant and his assigns $1,250 for the work. A tender of a deed by plaintiffs was found, which tender was refused because of the invalidity of the title, and it appears from the findings that plaintiffs had no title to one half the ground included in the location.

But the court finds that the money expended by appellant and his assignors was expended solely to enable the vendees to exercise their option, and that the value of the mining location was not at all enhanced thereby. This being so, of course, on general principles, appellant could not recover for the improvements. They were of no value. Appellant concedes this, but argues that as the contract required the expenditure in sinking the shaft, plaintiffs are estopped from denying that it was an improvement, and at all events must repay the amount as a part of the purchase price advanced to them. But the purchasers agreed to make this expenditure for the option; and that they had. It was a pledge of good faith, and a reasonable requirement, that for the privilege they should proceed to exploit the mine.

The court failed to find that the proposed vendees made a tender of the purchase-money, or in any way manifested a desire to complete the purchase.

It was not shown that the prospecting done showed that the location was of any value whatever. Waiving all question as to the form of the action, perhaps if the mine had been shown to be valuable, — worth more than six thousand dollars, —

and had appellant shown that he and his assignors were desirous of completing the purchase, and were prevented by failure of title, the amount expended in prospecting might have been recovered as damages. But if the mine proved to be valueless, or for any reason the appellant did not desire to purchase, even if a good title could be had, it was immaterial to him whether there was title or not.

The judgment is modified by striking out the part charging costs to appellant, and as modified it is affirmed.

McFarland, J., and Henshaw, J., concurred.