[No. 190.  First Appellate District.—October 10, 1905.]

## REBECCA G. WHITE, Respondent, v. ANNA GAFFNEY, Appellant.

ACTION TO ABATE NUISANCE—JUDGMENT—COSTS AND COUNSEL FEES—SUBSEQUENT ABATEMENT—APPELLATE JURISDICTION.—This court has appellate jurisdiction in an action to abate a nuisance; and where the judgment includes costs and counsel fees, and they have not been paid, the abatement of the nuisance in fact does not satisfy the judgment nor deprive this court of appellate jurisdiction over it to determine any question involved therein, including the propriety of the allowance of cents and counsel fees, though less than three hundred dollars in amount; and a motion to dismiss such appeal will be denied.

MOTION to dismiss appeal from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

John C. Partridge, for Appellant.

Sooy & Dorn, for Respondent.

HALL, J.—This is a motion by respondent to dismiss an appeal taken by defendant from a judgment in favor of plaintiff and against defendant, directing that defendant abate a certain nuisance, and further adjudging that plaintiff have and recover of and from defendant the sum of $292.50 as and for costs, expenses, and counsel fees incurred in the prosecution of said action.

Counsel for plaintiff insist that defendant having since the judgment abated the nuisance the judgment has been complied with (although the costs and counsel fees have not been paid), and that defendant cannot be heard to question the allowance of the costs and counsel fees, as costs and counsel fees are mere incidents of the judgment.

There is no merit in this contention. We do not conceive that even counsel for plaintiff will admit that the abatement of the nuisance satisfies the judgment for costs and counsel fees. It we should grant his motion and dismiss this appeal, we have no doubt that when he applies to the clerk of the trial court for a writ of execution to collect the judgment for costs and counsel fees, he will insist that it is a very important and substantial part of the judgment remaining unsatisfied. Certain it is that if the defendant be finally compelled by a writ of execution, or otherwise, to pay this judgment, she will have a realizing sense of its substance and importance.

That part of the judgment awarding costs and counsel fees is as much a part of the judgment, subject to review on appeal from the judgment, as any other part of it. We are not now discussing an order of the court taxing costs on a disputed cost bill filed subsequent to a judgment awarding costs, but we are discussing the judgment itself that awards costs and counsel fees.

The cases are numerous where, on an appeal from a judgment awarding costs, the appellate court has reviewed and modified the judgment in that respect. We will cite but a few: *Schmidt* v. *Klotz,* 130 Cal. 223, [62 Pac. 470]; *Quitzow* v. *Perrin,* 120 Cal. 255, [52 Pac. 632]; *Kelly* v. *Central Pacific R. R. Co.,* 74 Cal. 565, [16 Pac. 390]; *People* v. *Campbell,* 138 Cal. 11 (23), [70 Pac. 918]; *Benson* v. *Braun,* 134 Cal. 41, [66 Pac. 1]; *Fox* v. *Hale & Norcross S. M. Co.,* 122 Cal. 219, [54 Pac. 731]; *McCarthy* v. *Gaston Ridge Mill etc. Co.,* 144 Cal. 542, [78 Pac. 7].

In *Kelly* v. *Central Pacific R. R. Co.,* 74 Cal. 565, [16 Pac. 390], the appeal was taken only from that part of the judgment awarding costs to plaintiff, and that part only of the judgment was reversed.

In *Schmidt* v. *Klotz,* 130 Cal. 223, [62 Pac. 470], the judgment was modified in regard to costs on an appeal from the judgment, which, in this regard, was erroneous on its face. The same is true in *Quitzow* v. *Perrin,* 120 Cal. 255, [52 Pac. 632]; *Benson* v. *Braun,* 134 Cal. 41, [66 Pac. 1], and *Fox* v. *Hale & Norcross S. M. Co.,* 122 Cal. 219, [54 Pac. 731]. Where the judgment on its face shows that costs and counsel fees have been awarded contrary to the law, no bill of exceptions is necessary, as the question is presented by the judgment-roll.

It is also insisted that no appeal lies in this case for the reason that the only matter now involved is less than three hundred dollars. This matter has been finally settled in this state contrary to the contention of the plaintiff in *Harron* v. *Harron,* 123 Cal. 508, [56 Pac. 334], which reviews and overrules preceding cases relied on by plaintiff. See, also, *Southern California Ry. Co.* v. *Superior Court,* 127 Cal. 417, [59 Pac. 789]. *Harron* v. *Harron* was an action for divorce, and it was held that as the constitution gave appellate jurisdiction to the supreme court in such actions, a motion to dismiss an appeal from an order allowing one hundred and forty dollars for costs and counsel fees would not lie.

The constitution gives this court appellate jurisdiction in actions to abate a nuisance. This gives us appellate jurisdiction over the whole and every part of the judgment in such an action.

The motion to dismiss the appeal is denied.

Cooper, J., and Harrison, P. J., concurred.