[Civ. No. 1198. First Appellate District.—April 5, 1913.]

## H. J. POSWA, Respondent, v. G. H. JONES et al., Appellants.

TRIAL—FINDING THAT ALLEGATIONS OF COUNTERCLAIM ARE TRUE.—A finding that allegations of counterclaim which the defendants were entitled to plead and set off against the plaintiff's cause of action were true is a conclusion of law rather than a finding of fact, but although faulty, it is not prejudicial to the defendants in this case.

ID.—OMISSION TO FIND ON AFFIRMATIVE DEFENSE.—When the findings support the judgment, an omission to find upon an affirmative defense cannot be complained of by a defendant, unless the record discloses some evidence that would support a finding in his favor.

ID.—COSTS—RECOVERY UNDER THREE HUNDRED DOLLARS.—It is error to award costs to a plaintiff when his recovery is reduced to less than three hundred dollars by the defendant's counterclaim.

ID.—PARTNERSHIP—JUDGMENT AGAINST MEMBERS OF FIRM.—A judgment against individual members of a firm may be enforced against the firm assets.

ID.—PLEADING—ALLEGATIONS AS TO PARTNERSHIP—JUDGMENT AGAINST FIRM.—Where a partnership is named as a defendant in the caption of a complaint, but the allegations of the complaint charge only the individuals named as defendants, though describing them as copartners doing business under the firm name, judgment should not be entered against the partnership in its firm name.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. A. J. Buckles, Judge presiding.

The facts are stated in the opinion of the court.

Henry C. Schaertzer, and D. Hadsell, for Appellants.

Samuel T. Bush, for Respondent.

HALL, J.—This is an appeal by defendants from a judgment rendered against them for the sum of $150.37, and costs taxed at $128.60.

Plaintiff sued to recover of defendants the sum of $663.17 as the unpaid balance of the price of certain oil sold by the Sterling Paint Company, a corporation, to defendants, copartners doing business under the firm name and style of American Dry Color Co. The claim of the Sterling Paint Co. was assigned to plaintiff. The complaint was unverified.

The defendants answered, and besides denying the allegations of the complaint, pleaded various counterclaims. One of these counterclaims set up a claim for fifteen dollars, for commissions earned by defendants in selling two barrels of oil for the Sterling Paint Company.

Another set up a claim for $22.28 for goods sold to said company by defendants.

The others set up claims for damages arising out of breach of warranties as to quality of oil alleged to have been sold to defendants by the Sterling Paint Company, before the assignment to plaintiff, aggregating the sum of upwards of nine hundred dollars. In each case the oil had been resold by defendants upon the same warranty, and defendants had been obliged to pay to their vendees the amount of damage claimed. In one case the amount of the damage in the sum of $341 had not been ascertained nor paid by the defendants to their vendee until after the beginning of the action, but in each case the sale and breach of warranty had occurred before the assignment to plaintiff.

The court found all the allegations of the first count of plaintiff's complaint to be true. (The second count contains a statement in another form of the same claim, and may be disregarded.)

The court also found "That each and all of the allegations set forth in defendants' last amended answer are true and correct, save and except that said defendants suffered and sustained loss and damage in the sum of five hundred twenty-five and 40/100 ($525.40) dollars, and no more, by reason of the facts set forth and complained of in said defendants' last amended answer and counterclaims, and which the said defendants are entitled to plead as a defense and set-off against plaintiff's cause of action herein found to be true."

And as a conclusion of law the court decided that plaintiff was entitled to judgment for $137.77, the difference between the demand of plaintiff ($663.17) and the damages found in favor of defendants ($525.40), together with interest from the commencement of the action ($12.05) and costs of suit.

Judgment was entered accordingly.

The first point presented by appellants is that the finding made by the court as to the amount of damages suffered by defendants by reason of the facts pleaded in defendants' counterclaims is not a finding of fact at all, but is a conclusion of law. This contention is based upon the qualifying effect of the last portion of the matter set forth in the finding in question. It is argued that by the words, "and which the said defendants are entitled to plead as a defense and set-off against plaintiff's cause of action herein found to be true," the entire finding upon the subject of damages is made to de-

pend upon what damages the court may have considered that defendants were entitled as a matter of law to plead by way of defense and set-off to plaintiff's cause of action.

Technically this, we think, must be conceded to be true. The finding is very much like a finding that all the *material* allegations of a complaint are true. Such a finding has been held to be insufficient as a finding of fact to support a judgment.

But it does not necessarily follow that defendants have been injured by the faulty character of the finding in question. The finding which the court made that all the allegations of the first count of the complaint were true would support a judgment for plaintiff for the principal sum of $663.17. The court however made a deduction from such sum in the amount of $525.40, being the damages that the court found that defendants had suffered by reason of the facts pleaded in the counterclaims. The court thus treated the finding as a good finding to the effect that defendants had suffered damages to the extent of $525.40, by reason of the breaches of the warranties, and gave the defendants the benefit of such finding by making a deduction from the amount of plaintiff's demand in that amount. It is thus apparent that defendants have not been injured by the faulty character of the finding unless the evidence introduced upon the trial would support a straight finding that defendants suffered damage in excess of $525.40. Accordingly appellants have brought up in a bill of exceptions the evidence which they claim proves without conflict that defendants suffered damage in the sum of $654.50.

We have examined this evidence with care, and are satisfied that it does not show that defendants suffered any damage in excess of $525.40 by reason of any breach of warranties by plaintiff's assignor. The evidence of two witnesses only appears in the record. Each gave evidence as to damages suffered by him upon certain jobs of painting done by himself and for which damages the defendants reimbursed the witness. But nowhere does it appear that any oil sold by plaintiff's assignor to defendants was used upon such jobs. There does not appear to be any connection between the damage suffered by these witnesses and made good to them by defendants, and the breach of the warranty upon the sale of oil by plaintiff's assignor to defendants. There is thus no evidence

in the bill of exceptions that defendants suffered any damage at all by reason of the breaches of warranties pleaded in the counterclaims.

The case is thus within the rule that when the findings support the judgment, an omission to find upon an affirmative defense cannot be complained of by a defendant, unless the record discloses some evidence that would support a finding in favor of defendant. (*Senter* v. *Senter,* 70 Cal. 619, [11 Pac. 782] ; *Estate of Carpenter,* 127 Cal. 582, [60 Pac. 162] ; *Cutting Fruit Co.* v. *Canty,* 141 Cal. 692, [75 Pac. 564] ; *Eva* v. *Symons,* 145 Cal. 202, [78 Pac. 648] ; *McKelvey* v. *Wagy,* 157 Cal. 406, [108 Pac. 268] ; *People* v. *McCue,* 150 Cal. 195, [88 Pac. 899] ; *Roberts* v. *Hall,* 147 Cal. 434, [82 Pac. 66].)

The defendants in the judgment that was rendered received the benefit of the finding that they had suffered damages, by the breach of the warranties, in the sum of $525.40. There being in the record no evidence that would support a finding for damages in that regard for any greater amount, they cannot complain of the faulty character of the finding actually made.

The defendants, however, are under the findings entitled to a further deduction from the amount found to be due plaintiff.

As before stated, two of the counterclaims are not for claims to offset damages, but were upon express contracts to pay certain definite and agreed sums of money. One of these is a counterclaim for commissions upon the sale of two barrels of oil, in which it is alleged that plaintiff's assignor agreed to pay to defendants the sum of fifteen dollars. The other is for goods sold by defendants to plaintiff's assignor at the agreed price of $22.28.

The first part of the finding made by the court upon the issues presented by the counterclaims covers these two counterclaims, and decides all the issues under such counterclaim in favor of defendants. That part of the finding under the exception has reference to the damages claimed by defendants by reason of the breach of warranties. There should thus be added to the sum of $525.40 allowed by the court to defendant for damages, the further sum of $15 and $22.28, making a total of $562.68, which should be deducted from the sum of $663.17 found to be due to plaintiff. Plaintiff is thus entitled under the findings to a judgment for the principal sum

of $100.49, and interest thereon from the commencement of the action.

The court in its judgment awarded costs to plaintiff, and taxed the same at the sum of $128.60.

In this the court erred. Under the law of this state costs (which are purely a matter of statutory regulation) are allowed to plaintiff in an action for the recovery of money when he recovers three hundred dollars or over (Code Civ. Proc., sec. 1022), and "no costs can be allowed in an action for the recovery of money or damages when the plaintiff recovers less than three hundred dollars" (Code Civ. Proc., sec. 1025). Plaintiff recovered less than $300, and for that reason cannot be allowed costs of suit. (*Quitzow* v. *Perrin,* 120 Cal. 255, [52 Pac. 632].)

The judgment as entered is against the three individual defendants as copartners doing business under the firm name of The American Dry Color Co., and American Dry Color Co.

It is claimed by appellants that no judgment should have been entered against American Dry Color Co. for the reason that although "American Dry Color Co." is named as a defendant in the caption of the complaint, the allegations of the complaint charge only the individuals named as defendants, though it describes them as "copartners doing business under the firm name and style of American Dry Color Co."

The determination of this point is of little practical importance, for the judgment against the individual members of a firm may be enforced against the partnership assets. However, we think that appellants are technically correct in their contention, and no judgment should have been entered against "American Dry Color Co."

So far as the judgment entered is one against the "American Dry Color Co." it is reversed, and the trial court is directed to modify the judgment against the other defendants by giving and entering judgment for plaintiff against said defendants for the principal sum of $100.49, together with interest thereon at the legal rate from the commencement of the action, without costs of suit. Appellants will recover costs of this appeal.

Lennon, P. J., and Murphey, J., *pro tem.*, concurred.