[Civ. No. 6775. First Appellate District, Division One.—November 27, 1929.]

BEN LASKY et al., Respondents, v. AMERICAN IN-DEMNITY COMPANY (a Corporation), Appellant.

Knight, Boland & Christin for Appellant.

Brownstone & Goodman and Goldman & Altman for Respondents.

GRAY, J., *pro tem.*—Defendant, the surety on a bond given under the terms of section 1183 of the Code of Civil Procedure, appeals, under the alternative method, from a judgment ordering payment of the full penal sum to the clerk of the court, for distribution between the owners of the building and various lien claimants whose respective suits had been consolidated for trial on defendant's motion. But a brief statement of fact is necessary for an adequate consideration of defendant's contentions. Contemporaneously, the owners, hereinafter referred to as the plaintiffs, and a building contractor entered into two written contracts, the first, for the exchange of properties, and the second, for the construction of an apartment house. In the exchange contract plaintiffs agreed to convey to the contractor their equity in certain flats, at an agreed valuation of $10,000 and the contractor agreed to convey to plaintiffs a vacant lot and construct thereon, in accordance with the terms of the building contract, an apartment house at a total cost, for land and building of $22,300, payable by a credit thereon, of said sum of $10,000 and balance as specified in the building contract. It is undisputed that the parties, verbally, segregated the sum of $10,000 into two items: $3,500 for the price of the vacant lot and $6,500 as the first payment on the cost of the apartment house. The building contract, in the ordinary terms usually used in such contracts, provided that the contractor would construct, according to plans and specifications, an apartment house and that plaintiffs would pay therefor a total of $18,800, payable $6,500 forthwith and the balance in four installments as the work progressed. On the next day defendant executed and delivered to plaintiffs its bond in the penal sum of $10,000. The contractor abandoned the work after receiving the second and third installment payments, amounting to $5,100. After notice and demand, defendant refused to complete the building contract and the plaintiffs finished the building at a cost of $7,857.84 in excess of the contract price. The foregoing facts are undisputed.

By way of cross-complaint, defendant sought a cancellation of its bond, alleging, briefly stated, that plaintiffs, several days after the execution and delivery of the bond, falsely represented to it, that the exchange contract was no

longer in effect. The undisputed evidence discloses that, at such time, the plaintiff husband and a companion called at the office of defendant's general agent, at the latter's request, and there delivered to him copies of both contracts, that the agent retired to his private office for fifteen minutes, and, upon returning, conversed with the husband and his companion. What was said and done in this conversation is disputed by the parties. A stenographer of the agent, who died before trial, testified that, in response to the agent's inquiry, the companion said the exchange was no longer in effect and that the husband concurred therein. Both these gentlemen denied that either made such statement and both testified that the agent said that the contracts were all right. Upon this conflict the court found that the alleged misrepresentation had not been made. Urging, that as the stenographer's testimony is the more probable, it is entitled to the greater weight, defendant requests that we hold, upon a review of the evidence, that this finding is unsupported. ■ Since the weight of evidence is for the trial court's determination, our review is limited to ascertaining whether there is any substantial evidence to support a finding, and, if there is, we cannot disturb it. (2 Cal. Jur. 935.) ■ It is apparent that plaintiff's testimony adequately supports this finding. ■ Defendant further criticises the court's additional finding that plaintiffs informed it that the exchange contract was still effective, on the ground that there is no direct evidence to that effect. While there is no such direct testimony, yet the trial court might well, as it impliedly did, infer such statement from the acts and conduct of the parties. (*Ryder* v. *Bamberger*, 172 Cal. 791 [158 Pac. 753].)

■ In several different ways defendant argues that no recovery can be had on the bond because plaintiffs did not pay in cash the sum of $6,500 as the first payment or that, if any recovery is had, the amount thereof should be reduced by such sum. This argument entirely ignores the above finding that it knew of the existence of the exchange contract, and, inferentially, contracted on the basis of its continued existence. It also overlooks another finding, not questioned by it, that the contractor, as part of the same transaction in which the two contracts were executed, real-

ized from encumbrances placed by him on the flats, money in excess of $6,500. Therefore, indirectly, the contractor did receive from plaintiffs the first payment and defendant was not injured by the existence of the exchange contract.

■ Eleven subcontractors sued to foreclose their liens. In six of these actions a cause of action upon the bond was stated and in four of the six defendant was named as a party. The court found that the claims of plaintiffs in these four actions amounted to $4,559.93, that plaintiffs in the instant case were entitled to recover $7,857.48, and that the aggregate of these two sums exceeded the penal sum of $10,000 namd in the bond. Upon defendant's motion these eleven actions were consolidated for trial with the instant case. Pursuant to stipulation between plaintiffs and the eleven· subcontractors, the judgment ordered defendant to pay to the clerk of the court the sum of $10,000 and authorized the latter to distribute this sum as provided in the stipulation. Half-heartedly, defendant, ignoring their literal wording, attempts to misconstrue the findings as authorizing judgment against it and in favor of subcontractors who sought no recovery on the bond. By stipulation those entitled to judgment· under their pleadings permitted others not so entitled to participate in their judgments. This arrangement followed in the judgment did not increase the amount for which defendant was legally liable, but merely, by way of assignment, increased the number of persons participating in the distribution of the sums legally recoverable. As defendant was not injured thereby it has no cause of complaint. (*Robinson* v. *Western States Gas etc. Co.*, 184 Cal. 401 [194 Pac. 39].)

■ Defendant requests a modification of that portion of the judgment awarding costs to all plaintiffs in the consolidated actions, in so far as it awards such costs to five of such plaintiffs, because four of such five did not sue defendant and the other sought no recovery on the bond. Plaintiffs Lasky, there being no briefs on behalf of any of the subcontractors, object to a consideration of this request on the ground that the record does not show that any of such five plaintiffs filed cost bills. Obviously, since such modification does not affect the objecting plaintiffs, they are not in a position to object. ■ But, as the appeal has

been taken from the entire judgment, the portion as to costs is subject to review, even if there is no showing of such filing. (*White* v. *Gaffney*, 1 Cal. App. 715 [82 Pac. 1088].) ■ In an equity action in which class such consolidated actions to foreclose mechanics' liens fall, the court, in its discretion, may apportion costs between the necessary parties (*Clark* v. *Brown*, 141 Cal. 93 [74 Pac. 548].) ■ Technically, defendant was not a necessary party in those actions in which it was not named or in which no recovery was sought, but, practically, it was, as it stated in its motion for such consolidation and, as the cases were tried after such consolidation. The error, if any, was invited by its own request for such consolidation and therefore it cannot now complain. (*McCabe* v. *Goodwin*, 106 Cal. 486 [39 Pac. 941].) ■ As such five plaintiffs admittedly had a cause of action on the bond, they might, had they not been misled by the consolidation and the theory upon which the cases were actually tried, by appropriate amendments, have joined the defendant. Therefore, it cannot be said that defendant failed to receive substantial justice as to the awarding of costs (*Dunlap* v. *Commercial Nat. Bank*, 50 Cal. App. 476 [195 Pac. 688]).

■ Defendant, for the first time in its supplemental brief, filed after oral argument, urges, upon the authority of *Perry* v. *Magneson*, 207 Cal. 617 [279 Pac. 650], that the judgment is erroneous in allowing interest from date of filing the complaint. The cited case holds that in an action by an owner to recover the cost of completion of building abandoned by the contractors, from the surety on a bond to save such owner harmless from loss resulting from a breach of the building contract, interest from the commencement of the action should not be allowed, where the evidence is conflicting as to such cost and the amount thereof is uncertain, till determined by the judgment. Since defendant has utterly failed to print in its brief any portion of the testimony showing that the cost of completion was disputed by it at the trial, we may assume as correct plaintiffs' assertion, in their reply brief, that no such dispute occurred and that the case was tried upon the theory that such cost was certain. (*Firpo* v. *Pacific Mut. Life Ins. Co.*, 80 Cal. App. 122 [251 Pac. 657].) ■ If the parties treated

such cost as certain, the court properly allowed interest from date of filing the complaint. ▮ There is also merit in plaintiffs' objection to consideration of this contention because of its lateness without any excuse offered for the delay (2 Cal. Jur. 734).

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 27, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 23, 1930.

All the Justices concurred.