[Civ. No. 13805. Second Dist., Div. One. Apr. 8, 1943.]

HORACE M. DOBBINS, Appellant, v. MRS. ELSA MORSE HORSFALL, Respondent.

Aaron Sapiro and Samuel De Groot for Appellant.

Chase, Barnes & Chase, Stanley N. Barnes and Herman Welker for Respondent.

WHITE, J.—This litigation was instituted by plaintiff when he filed in the Municipal Court of the City of Los Angeles a complaint in claim and delivery praying for the delivery to him by defendant of certain personal property, viz., a large teakwood table, a set of fire tools and an iron wood box allegedly worth in the aggregate the sum of $600. Defendant filed an answer denying plaintiff's claims and also filed a cross-complaint and counterclaim thereto in which she sought recovery of the sum of $2,317.24 from plaintiff, representing amounts claimed to have been expended by her for the care, education and support of the children of plaintiff and defendant; for the upkeep and preservation of certain real property belonging to both parties and the payment of taxes on same. Defendant also filed a counterclaim for $630 for an automobile and insurance thereon which she claimed plaintiff orally agreed to purchase for her. By her cross-complaint, the defendant who was the former wife of the cross-defendant, alleged that the articles enumerated in his complaint were part of property referred to in paragraph 8 of a certain property settlement agreement entered into and signed by the parties on September 1, 1937; "that at various times between the first day of January, 1936, and the 19th day of November, 1939," appellant agreed and contracted with respondent to reimburse her for any sums expended by her in connection with the care, education and support of the children, and in the upkeep and preservation of certain described real property. Upon the filing of the cross-complaint the cause was duly transferred to the superior court. Following an order sustaining a demurrer to the cross-complaint, with leave to amend, an amended cross-complaint was filed wherein it was further alleged that the aforementioned sums were expended "pursuant to said property settlement agreement, and in connection therewith and at various times between September 1, 1937, and November 19, 1939, plaintiff . . . . and cross-complainant . . . . orally agreed and contracted" that said expenses incurred by cross-complainant

would be reimbursed by the plaintiff, and he would purchase an automobile and insurance thereon in consideration of certain services to be performed by cross-complainant on behalf of the children of plaintiff.

Upon trial of the actions by the court, judgment for plaintiff and cross-defendant was entered, under which judgment plaintiff was awarded the antique teakwood table or its value of $500 and the recovery of the set of fire tools, including andirons, metal fire screen, of the value of $52.50. Defendant and cross-complainant was awarded the sum of $3,171.87, and in case she could not make delivery of the table, fire tools, etc., the sum of $552.50 to be offset against the sum awarded her. Costs of suit were awarded defendant and cross-complainant, Elsa Horsfall.

In its judgment, so far as the original complaint was concerned, the court did not award costs to the plaintiff and it is on this point alone that plaintiff bases that portion of his appeal taken from the judgment on the original complaint. He also appeals from that part of the judgment in favor of defendant on her cross-complaint and award of costs therein.

From the record it appears that plaintiff and defendant, having experienced difficulties in their married life, agreed to enter into a property settlement agreement for the division of their property. Section 8 of the written agreement reads as follows: ''(8) The parties hereto do hereby state that they have divided the household furniture, furnishings and domestic equipment owned by each of them, according to two several lists prepared by them, and do hereby convey, assign, transfer and set over unto the other, all right, title and interest in and to the household furniture, furnishings and domestic equipment set forth in the respective lists of each of them, together with all the clothes, jewelry and other personal effects now owned, used or in the possession of the opposite party.'' It is this provision of the property settlement agreement that we are called upon to construe. The evidence indicates that the lists were never prepared or presented one to the other nor was there a complete division of the property described in the above section 8. The husband left for the East the next day after the execution of the property settlement agreement and a divorce was granted shortly thereafter. The parties communicated with each other at various times and defendant wife testified she performed certain

services here for plaintiff husband in connection with his real property. She also testified she expended her own money for the education of the children and their transportation to and from schools and that she performed services and expended monies in entertaining guests of plaintiff husband, that she paid for public utilities and gardening services, medical, hospital and other expenses for the children, taxes on certain real property and for the repairing of roads and culverts, water bonds, etc. Defendant husband denied that these services and expenditures were made at his request. Upon this issue the trial court found in favor of cross-complainant wife.

Appellant's first contention upon appeal is that he is entitled to costs on the judgment in his favor as a matter of course. With this claim we can not agree because the evidence shows that delivery could not be had of several of the pieces of personal property and in the event of non-delivery the value of the property was found to be the sum of $552.50. However, judgment was also awarded defendant upon her counterclaim and cross-complaint for the sum of $3,171.87. In effect, therefore, the judgment was in favor of defendant for the $3,171.87, less $552.50, or $2,619.37, and the defendant must be regarded as the successful party and therefore entitled to recover costs (*Shelley* v. *Hart,* 112 Cal.App. 231, 297 [297 P. 82], and code sections and cases therein cited). Although this case was decided prior to the 1933 amendment of the Code of Civil Procedure by the addition of section 1032, said amendment did not change but merely consolidated the provisions of section 1024 into section 1032.

Appellant's next ground of appeal is that no cross-complaint for monetary damages can be validly filed against an action in claim and delivery, or for damages. Under the law this contention can not be upheld in the instant case where plaintiff prayed for and received money damages. It is at once apparent that the litigation here in question was founded either upon the written contract, dated September 1, 1937, or the subsequent oral agreements, and in either event under the decisions, the action having been based upon a contract between the parties, the allegations of the cross-complaint clearly show that they refer to the same transaction or transactions set forth in the complaint. Furthermore, though the whole transaction between the parties is not set out in the complaint, a defendant can plead the remaining facts constituting the entire transaction between the parties,

and the propriety and sufficiency of the cross-complaint will be judged accordingly. Under the broad and liberal interpretation of the "same transaction clause" judicial decisions have tended to avoid a circuity of action and multiplicity of suits by permitting a cross-complaint to be filed whenever thereby the court is enabled to render a judgment by which all of the rights of all the parties growing out of a particular transaction, matter, happening or accident, upon which the accident is brought, might be finally determined in the same action.

As to the question of whether the counterclaim is valid, under section 438 of the Code of Civil Procedure, decisions of this court have held that a counterclaim need only "tend to diminish or defeat the plaintiff's recovery and must exist in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action." (*Robertson* v. *Maroevich,* 42 Cal.App.2d 610 [109 P.2d 708].)

As to appellant's contention that the trial court's finding on the automobile and insurance was not supported by evidence, we think it was. The testimony discloses that appellant at no time made objection to the demand for such amount, which demand was contained in numerous letters to him by Attorney Barnes and was also testified to by respondent. Manifestly the cross-complaint and counterclaim in the instant case were properly filed. (*Metropolitan Casualty Co.* v. *Margulis,* 38 Cal.App.2d 711, 715 [102 P.2d 459]; *Terry Trading Corp.* v. *Barsky,* 210 Cal. 428 [292 P. 474].)

Such being the case, we think respondent correctly states the main question involved as being "Does the evidence, including therein all the testimony favorable to the respondent and all favorable inferences which may reasonably be drawn therefrom, support the judgment?" As heretofore stated, cross-complainant testified that appellant agreed to pay for school, transportation and medical expenses for the children, laundry, utilities, gardening, repair of washouts in roads and culverts, and taxes on the Laguna Beach property; for one-half the cost of an accordion for the daughter, Suzanne; and for taxes and repairs to Casa LaRoca, which testimony, it is true, was denied by appellant, but corroborated by certain correspondence written by him and by the testimony of the attorney who represented both parties in preparing the original property settlement agreement as well as in all other matters between the parties up until approximately August, 1939. This simply established a conflict in the evidence and

under rules too well known to require citation of authority we are not authorized to disturb the conclusion arrived at by the trier of facts.

It is next contended by appellant that the execution of the contract in writing superseded all the negotiations or stipulations concerning the subject matter thereof, which preceded or accompanied the execution of the agreement and that evidence as to preceding, contemporaneous or subsequent negotiations or agreements was inadmissible because they tended to vary by oral agreements the terms of a written contract. Undoubtedly it is the law that the execution of a contract in writing supersedes all the negotiations or stipulations concerning the matters which preceded or accompanied the execution of the agreement, but as disclosed by the evidence herein, at no time did the parties attempt to vary the terms of the written contract or impinge on its contents, but the collateral parol agreement referred in its entirety to matters which were not inconsistent with and did not in any wise qualify or impair the terms of the written contract even though it be conceded that it related to the same subject matter. The written agreement here concerned made no reference to the settlement of the affairs referred to in the subsequent oral agreement. Plaintiff Dobbins by his testimony admitted that he did not wish to enter into a written agreement concerning certain matter because of the pendency of an eastern estate litigation. The subject matter of the subsequent oral agreement was entirely independent of any of the terms of the written property settlement agreement. "Proof is always admissible of any collateral parol agreement or of any independent fact which is not inconsistent with or does not qualify any of the terms of the written contract, even though it may relate to the same subject-matter." (*Guidery* v. *Green,* 95 Cal. 630, 635 [30 P. 786].)

Another case in point is that of *Gardiner* v. *Burket,* 3 Cal. App.2d 666 [40 P.2d 279], which involved a written community lease which was silent as to plaintiff's house, its removal or the compensation to be paid therefor. The court stated, at page 669: "Evidence of a contemporaneous oral collateral contract is admissible as long as the collateral contract does not conflict with the terms of the written contract, and covers a matter distinct from even though closely related to the express subject-matter of the written instrument and is not embodied therein."

Finally appellant urges that there was a failure to prove consideration for any of the alleged oral agreements. This claim is without merit because the record discloses such considerations as the scholarships acquired by respondent for the two children and appellant's promise to pay other incidental expenses. There is also embraced in the consideration the improving, repairing and handling of appellant's real estate by respondent and the advancement of sums of money for independent obligations of appellant.

For the foregoing reasons the judgment is affirmed.

York, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 3, 1943. Carter, J., and Schauer, J., voted for a hearing.