WOODLEY et al. v. BUBENDORF et al.
No. A–4330.

District Court, Alaska.
Third Div. Anchorage.
Feb. 10, 1947.

John E. Manders of Anchorage, Alaska, for plaintiffs.

Talmage L. Smith, of Kodiak, Alaska, and McCutcheon & Nesbett, of Anchorage, Alaska, for defendant Bubendorf.

DIMOND, District Judge.

This is an action in replevin in which the plaintiffs seek to recover possession of certain personal property in the possession of the defendant Bubendorf and situated at Kodiak, Alaska. The averments are in the usual form alleging plaintiffs' ownership, right of possession, wrongful withholding by defendant, demand and refusal and stating the value of the property to be $1,500.

The defendant Bubendorf has filed an answer and cross complaint. In his answer he admits that the plaintiffs are the owners of the property, but denies that they are entitled to the possession thereof. In his cross complaint the defendant avers that on or about February 2, 1946, at Kodiak, the plaintiffs requested the defendant to acquire necessary office space and arrange for the installation of the property which is the subject of the action and requested defendant Bubendorf to operate the equipment, promising him reasonable compensation therefor; that plaintiffs have failed to pay any compensation for the services rendered; that plaintiffs are indebted to defendant in the total sum of $2400 for personal services and for rentals for space occupied by said equipment; and that defendant now holds such personal property as security for the payment to defendant of such rentals and compensation.

The plaintiffs have demurred to the answer and to the cross complaint upon the ground that they do not, nor does either of them, state facts sufficient to constitute a defense, or valid cross complaint, to the cause of action set forth in the complaint.

The counterclaim here asserted is based upon Sec. 3422 Compiled Laws of Alaska, 1933, a part of the Alaska code of civil procedure, the relevant portions of which read as follows:

"The counterclaim mentioned in this chapter must be one existing in favor of the defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the following causes of action:

"First. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim. * * *"

■ It clearly appears that the defendant's counterclaim in this action is a cause of action arising out of the "transaction" set forth in the complaint as the foundation of the plaintiff's claim, as that cause of action is explained and illuminated by the averments of the counterclaim. The word "transaction" should be liberally construed, and the Court may consider the counterclaim to show that both the plaintiffs' cause of action for the recovery of the personal property and the defendant's cause of action which is sought to be asserted by counterclaim arise out of the same contract or transaction. Benton County State Bank v. Nichols, 1936, 153 Or. 73, 54 P.2d 1166, and Dobbins v. Horsfall, 1943, 58 Cal.App.2d 23, 136 P.2d 35.

Indeed it is likely that in most instances the complaint alone is barren of any averment to indicate the scope of the contract or transaction out of which the plaintiffs' cause of action arose.

■ Accordingly, under the explicit provisions of our law, it would appear that the counterclaim should be permitted to stand unless is is barred by other provisions of law. The code text quoted should be considered in connection with two other sections of our code of civil procedure, namely Sec. 3611, dealing with the form of verdicts, and Sec. 3696, having to do with the form of judgments in actions for the recovery of specific personal property. They are quoted below:

Sec. 3611 "In an action for the recovery of specific personal property, if the property have not been delivered to the plaintiff, or the defendant by his answer claim a return thereof, the jury shall assess the value of the property, if their verdict be in favor of the plaintiff, or if they find in favor of the defendant, and that he is entitled to a return thereof, and may at the same time assess the damages, if any are claimed in the complaint or answer, which the prevailing party has sustained by reason of the detention or taking and withholding such property."

Sec. 3696 "In an action to recover the possession of personal property judgment for the plaintiff may be for the possession, or the value thereof in case a delivery can not be had, and damages for the detention thereof. If the property have been delivered to the plaintiff and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return can not be had and damages for taking and withholding the same."

Obviously, Sec. 3422 must be read in connection with Secs. 3611 and 3696, and the three be construed together.

During the argument upon the demurrer, counsel for the defendant suggested that the defendant has a lien upon the property for the amount of his counterclaim, but the counterclaim as pleaded does not sufficiently reveal any such lien. And so we are faced with a pleading on the part of the plaintiffs for the recovery of specific personal property, in orthodox form, and a counterclaim by the defendant for the recovery of a money judgment only against the plaintiffs growing out of the same "transaction."

If the defendant should recover all of his counterclaim upon the trial of the action, there would still be no legal way in which such claim, namely a money judgment, could be asserted against the personal property which is the subject of the action brought by the plaintiffs, except through an ordinary execution as on other money judments.

The question is, therefore, whether such a form of counterclaim, limited as it is upon its face to the recovery of a money judgment, should be permitted against an

action for the recovery of specific personal property.

The Alaska Code of Civil Procedure, Act of June 6, 1900, 31 Stat. 321 to 494, was adopted by Congress, almost in its entirety, from that of the State of Oregon. The provisions of our code above quoted are identical with the corresponding sections of the Oregon code. Sec. 73, Hill's Annotated Laws of Oregon, 1892, Sec. 1-712, Oregon Compiled Laws Annotated, 1940; Sec. 214, Hill's A.L.O. Sec. 5-402, O.C.L.A.; Sec. 262, Hill's A.L.O. Sec. 6-703, O.C.L.A. The rules of construction under such circumstances as respects the authority of decisions of the Supreme Court of Oregon in construing provisions of the Oregon Code which have been adopted for Alaska are too well known to permit repetition here. While it appears that the Supreme Court of Oregon made no controlling decision on the point here involved prior to June 6, 1900 (but see Guille v. Wong Fook, 1886, 13 Or. 577, 11 P. 277), that Court in the year 1924, in the case of McCargar v. Wiley, 112 Or. 215, 229 P. 665, rejected a counterclaim pleaded by defendant in that case much more intimately related to the plaintiff's cause of action than is the case here.

Other cases decided by the Supreme Court of Oregon may well be consulted: Nunn v. Bird, 1900, 36 Or. 515, 59 P. 808; Zimmerman Wells-Brown Co. v. Sunset Lumber Co., 1910, 57 Or. 309, 111 P. 690, 32 L.R.A.,N.S., 123, Ann.Cas.1913A, 103; Benton County State Bank v. Nichols, 1936, 153 Or. 73, 54 P.2d 1166; and, especially, Freeman v. Trummer, 1907, 50 Or. 287, 91 P. 1077. The McCargar case is deserving of attention. The decision was given by a divided Court, and one of the justices who concurred declined to give assent to all of the prevailing opinion. The dissenting opinion is equally well-reasoned. Despite the dissent in that case, the majority doctrine has been since followed in Oregon. Gordan v. Briody, 1943, 170 Or. 410, 134 P.2d 431, 145 A.L.R. 898. It is not necessary to give complete assent to all that is said in the opinion of the Court in the McCargar case. Reasoning at least as cogent from a Court of not inferior rank, leading to a different conclusion, is to be found in Peuser v. Marsh, 1916, 218 N.Y. 505, 113 N.E. 494, Ann.Cas.1918B, 913.

It is true that Oregon did not, in every respect, go as far in its code of civil procedure as did Congress in the adoption of such a code for Alaska. For example, the Oregon code provides that:

"The distinction heretofore existing between forms of actions at law is abolished, and hereafter there shall be but one form of action at law, for the enforcement of private rights or the redress of private wrongs." Sec. 1, Hill's A.L.O.; Sec. 1-101, O.C.L.A.

In legislating for Alaska Congress provided that:

"The distinction between actions at law and suits in equity, and the forms of all such actions and suits, are abolished, and there shall be but one form of action for the enforcement or protection of private rights and the redress or prevention of private wrongs, which is denominated a civil action." Sec. 3351, C.L.A.,1933.

In the instant case the abolition of all distinctions between actions at law and suits in equity in Alaska, has no effect because both the plaintiffs' claim and the defendant's counterclaim as pleaded are actions at law, and no considerations of pleadings or proceedings in equity are involved.

California has ruled in favor of allowing counterclaims of almost every sort and nature against a plaintiff who brings suit for the recovery of specific personal property, as illustrated in the case of Dobbins v. Horsfall, supra, decided by the District Court of Appeals, Second Division, in the year 1943.

But all the corresponding provisions of the California code, Secs. 437, 438, 627 and 667 of Deering's Code of Civil Procedure of California, 1941, are not identical with those of Alaska and Oregon. Sec. 438 of that Code provides that

"The counterclaim * * * must tend to diminish or defeat the plaintiff's recovery and must exist in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action; * * * provided * * * that the court may, in its discretion, order the

counterclaim to be tried separately from the claim of the plaintiff."

Under that language the possibilities of pleading counterclaims are not severely or oppressively restricted. Were the decisions of California to be considered as controlling authority the defendant's counterclaim in this case would necessarily be sustained.

It is not easy to determine whether the California rule or the Oregon rule is the wiser. The California rule would permit the trial in one action of all of the various claims and counterclaims between the plaintiff and defendant, the plaintiff claiming possession of the property and the defendant claiming money judgment against the plaintiff. Assuming in the case before us that the plaintiff is entitled to recover possession of the personal property as claimed in his complaint, and the defendant is entitled to recover judgment against the plaintiff as claimed in the defendant's counterclaim, then we would have a judgment or judgments which may result in more confusion than as though two separate actions had been brought and maintained, one for the plaintiff and the other for the defendant, unless the judgment itself should provide—and there is no direct legislative authority for this—that the personal property claimed by the plaintiff should be sold to satisfy the money judgment obtained by the defendant against the plaintiff. Evidently, some such procedure must be followed in California.

If the defendant in the case at bar had shown that he had any special claim to or lien upon the personal property which is the subject of the original action, either by reason of a lien, or through defense to unpaid purchase price, or under conditional contract of sale, or in any other legal or equitable fashion, so that if the defendant should finally prevail he would, or might, become entitled to the possession of the personal property or be able to enforce a lien or special claim upon or against such property, then it is clear that the counterclaim should stand. But in the instant case other circumstances are presented.

■ Having in view the limitations of our code with respect to verdicts and judgments in actions for the recovery of personal property, and the persuasive authority, for the reasons mentioned, of the views of the Supreme Court of Oregon as expressed in the cited cases, and also upon what appears to be probably the better rule for promotion of the speedy administration of justice, the decision must be that the demurrer is sustained as to the counterclaim and overruled as to the answer apart from the counterclaim; and the defendant is granted leave to plead over.