[Civ. No. 18618. Second Dist., Div. One. May 22, 1952.]

PAUL KALMANOVITZ, Respondent, v. ADOLPH E. REMPP et al., Defendants; NORMAN LAMOREAUX, Appellant.

Francis C. Whelan for Appellant.

G. Vernon Brumbaugh for Respondent.

DRAPEAU, J.—By this action in unlawful detainer, plaintiff sought to recover possession of certain real property leased to defendants for a café and cocktail lounge, and rentals therefor alleged to be due and unpaid.

Plaintiff and defendant Rempp executed the lease of the premises on December 19, 1949, for a term beginning December 20, 1949, and ending March 30, 1956. The rent was $750 per month, in advance, and a sum equal to 6 per cent of

the gross receipts from the business. Defendant Rempp, as lessee under the written lease, took possession of the premises. Later he disappeared and left the premises abandoned.

Thereafter, on January 31, 1950, upon the written representation of defendant Lamoreaux that Rempp had leased the premises on behalf of a copartnership consisting of Rempp, Vincent and Lamoreaux, the lease was amended by a writing signed by plaintiff and Lamoreaux which substituted the copartnership members as lessees in place of Rempp. Subsequently Lamoreaux took possession of the premises and paid the monthly minimum rental of $750 until August 19, 1950.

A three-day notice to pay rent or quit the premises dated September 12, 1950, it was stipulated, was received by defendant Lamoreaux. Complaint was filed September 26, 1950. It alleged that monthly rental, as well as percentages of $987.12, was due.

Defendant Rempp's answer alleged that the rental agreed upon was $750 per month, or 6 per cent of the gross receipts, "whichever was the greater."

Defendant Lamoreaux answered averring that the percentage provision in the lease was to apply only in the event that the monthly sales exceeded $12,500. Also, that he and plaintiff agreed that the minimum rental of $750 per month was a payment against the percentage of 6 per cent of gross sales. In addition he averred the deposit in court of $1,500 for rental from August 19 to October 19, 1950. This defendant also set up four affirmative defenses, to wit: (1) custom and practice in the restaurant business; (2) establishment of an account stated; (3) estoppel of plaintiff to deny the construction placed on the lease by defendant; (4) reliance by defendant upon fraudulent representations of plaintiff.

There was evidence that no rent in excess of $750 per month was ever paid, and that this rental was paid up to August 19, 1950, in accordance with statements rendered to defendant by plaintiff's office. Also, that in May, June and July of 1950, plaintiff asked defendant's business manager to give him a statement of the gross receipts, but such statement was never made until September 15, 1950, in response to plaintiff's notice to perform covenants under the lease.

Accompanying that statement was a check dated September 14, 1950, in which the figures thereon called for payment of "$775" and the writing was for "Seven and 75/100 Dollars." This check was returned to defendant by plaintiff's

attorney on September 22d. On September 25th, defendant's business manager sent a new check for $775. This latter check was returned to defendant Lamoreaux on the ground that the amount thereof was not in accord with the amount of unpaid rental called for in the three-day notice to pay or quit. In the meantime, the instant complaint in unlawful detainer was filed.

The trial court found that plaintiff was entitled to $2,700, the unpaid rental at $750 per month from August 19 to December 8, 1950 (the date of the judgment), together with $987.12, the unpaid 6 per cent of gross receipts for the months of March to July, 1950, inclusive, or a total of $3,687.12, and $500 attorney's fees.

From the judgment which followed, defendant Lamoreaux appeals.

Appellant asserts that the trial court erred in several particulars, to wit:

1. In excluding all evidence except that of payment as computed on the face of the lease;

2. In sustaining respondent's objections to the introduction of certain evidence and to offers of proof made by appellant;

3. In denying permission to appellant to file an amended answer;

4. In finding that the allegations of appellant's affirmative defenses and the amendment to his answer were immaterial;

5. In failing to find on appellant's fourth affirmative defense.

It is also contended that the evidence does not sustain the findings and that the judgment is against law.

The lease provided for rental at "a minimum sum of $750.00 per month payable in advance on the first day of each and every month during the term of this lease. That the Lessee further agrees to pay to Lessor as additional rental on the 10th day of each calendar month for the calendar month immediately preceding, a sum equal to six (6%) per cent of the gross receipts of the Lessee arising from or in any manner connected with any business performed or transacted on any and all of said demised premises."

In an effort to prove that the minimum rental applied against the percentage rental, appellant sought to introduce in evidence an escrow agreement for transfer of the liquor license dated November 30, 1949. This document recites that rental is "payable $750 per month against a 6% of the gross

receipts.'' The trial court sustained respondent's objection to the admission of this document, whereupon appellant offered to prove that it was the basis of his understanding of the terms of the lease.

Appellant here asserts as error the trial court's ruling that negotiations prior to the execution of the lease were incompetent to prove the terms of the lease which were ''clear, concise and unambiguous. There is only one question and that is performance. . . . payment under the terms of the lease.''

In this connection it is argued that the allegations of the fourth affirmative defense entitled appellant to show that he took possession of the premises under mistake of fact owing to fraudulent representations of respondent, and therefore the court improperly restricted the issues to the question of performance under the terms of the lease.

Those allegations are to the effect that in December, 1949, respondent represented to appellant that the lease provided for a minimum rental of $750 per month to be applied against the percentage rental; that he relied upon and believed such representations, which were fraudulently made for the purpose of inducing him to assume possession of the premises.

The complaint alleged and the court found that by virtue of the written agreement of lease, the defendants Rempp, Lamoreaux and Vincent went into possession and occupation of the premises and ''ever since have, has and still continue to hold possession of said premises as tenants of the plaintiff.''

We believe the holding in *D'Amico* v. *Riedel*, 95 Cal.App.2d 6, 8 [212 P.2d 52], is applicable here. In that case it was contended that fraud could be shown as a defense in an unlawful detainer action, and that the lease having been procured by fraud, the terms thereof were unenforceable. The court cited *Smith* v. *Whyers*, 64 Cal.App. 193, 194 [221 P. 387], and with reference thereto said: ''In the Smith case the court concedes that a tenant who while in possession is fraudulently induced to enter into a lease may set up the fraud in an action in unlawful detainer but states: 'This rule does not apply to a case where the tenant was not in possession at the time the lease was executed but where her only right to possession is the lease which she claims to be void by reason of fraud in its execution.' The court further points out that 'the very purpose of the statute would be defeated if a defendant who claimed that she entered under

a void lease through fraud of the plaintiff should be permitted to remain in possession under the lease while the validity of the lease was being litigated.' . . .

''Defendants' assertion that they should have been permitted to set up the fraud as a defense to the claim for rent and attorney's fees provided for in the lease is without merit. An unlawful detainer action is not upon contract but for recovery of possession of the premises and incidentally for the damages occasioned by the unlawful detainer. The court may, pursuant to section 1174 of the Code of Civil Procedure, assess damages and find the amount of any rent due. Ordinarily the agreed rent is evidence of the rental value. (*Harris* v. *Bissell*, 54 Cal.App. 307, 312 [202 P. 453].)''

As hereinbefore stated, the lessees took possession of the premises under the terms of the instant lease. Appellant on behalf of himself and the defendants, individually and as co-partners, thereafter by written amendment to the lease agreed to be bound by its terms.

It is a cardinal rule of law that a written contract supersedes all negotiations or stipulations concerning matters which preceded or accompanied its execution. (*Dobbins* v. *Horsfall*, 58 Cal.App.2d 23 [136 P.2d 35].) And as stated in *McClure* v. *Cerati*, 86 Cal.App.2d 74, 81 [194 P.2d 46]: ''The written contract, in the absence of fraud, therefore superseded all such previous negotiations or stipulations.''

The trial court found that the terms of the lease were clear and unambiguous. Therefore, since fraud is not a defense in the circumstances here presented, the court properly limited the evidence to the question of payment under the terms as expressed in the lease, and properly sustained respondent's objections to the introduction of evidence to show that appellant had a different understanding of the rental to be paid.

Likewise the denial of permission to file an amended answer was proper. This was an amendment to appellant's fourth affirmative defense sounding in fraud.

Since the purpose of the affirmative defenses was to alter the terms of the lease, the finding that they were immaterial was not erroneous.

Appellant urges that the trial court's failure to find on his fourth affirmative defense constitutes reversible error. ''It has been repeatedly held that if findings are made upon issues which determine a cause, other issues become imma-

terial and a failure to find thereon does not constitute prejudicial error." (24 Cal.Jur. 947, § 190.)

Appellant finally contends that the evidence does not sustain the findings and the judgment is against law. This for the reason that the matter of service of the three-day notice to pay rent or quit was put in issue by the answers of appellant and defendant Rempp, and it does not appear from the evidence when such notice was served.

That notice was introduced in evidence. It is dated September 12, 1950. At the trial it was stipulated that appellant received the notice. In view of the fact that appellant's business manager on September 14 mailed a check purportedly for the minimum rental unpaid at that time, but for the wrong amount, it must be assumed that the notice was served on the day of its date. The complaint was not filed until September 26, 1950.

For the reasons stated, the judgment appealed from is affirmed.

Doran, Acting P. J., and Hanson, J. pro tem., concurred.