## Appellate Department, Superior Court, Kern

[Civ. A. No. 15.   Oct. 20, 1954.]

MARY S. JOHNSON, Respondent, v. MRS. A. SMITH, Appellant.

Dorris, Fleharty, Phillips & Underhill for Appellant.

Maas & Nairn for Respondent.

LAMBERT, P. J.—Plaintiff, Mary S. Johnson, and respondent in this court, brought an action of unlawful detainer against the defendant, Mrs. A. Smith, the appellant, in this court.   There is no conflict so far as the evidence in the case

is concerned. The written lease contained the following provision, among others:

Paragraph 9—"To Hold Harmless, in the event the lessor prevails in any suit or proceedings instituted by it, against said lessee for the violation of any of the covenants, or terms of this lease, or for the recovery of any of the herein stipulated rentals, or for the recovery of the possession of the hereby demised premises, the said lessee expressly agrees to pay and shall be liable to the lessor for the reasonable fee of her attorneys in any such suit, or proceedings, and the lessee shall become liable for such fees immediately upon the institution of such action, or proceedings, whether or not such action, or proceedings is brought to the final judgment, or decree, and lessee shall also be liable for all expenses that shall be made and incurred by the lessor in inforcing the covenants and agreements of this lease and all the parties to this lease agrees that the covenants and agreements herein contained shall be binding upon, apply and inure to their respective heirs, administrators, and assigns."

While this paragraph is somewhat prolix, reduced to its simplest form it means that if the lessor recovers judgment then the lessor is the prevailing party and attorney's fees may be recovered as an incident to the judgment.

When the suit was filed in the municipal court there was a cross-complaint filed by the defendant, claiming an amount of damages large enough to oust the jurisdiction of the municipal court, and the case was transferred to the superior court. In the superior court, on motion of the plaintiff, the cross-complaint was dismissed inasmuch as the cross-complaint is not permissible in an unlawful detainer suit. The question, however to decide here is when can attorney's fees be allowed on a written contract and who is the prevailing party. The lower court made findings contrary to the evidence, and then the court made a conclusion of law that the defendant unlawfully detained said premises. As a matter of fact, he should have made a finding she was not guilty of unlawful detainer, and the judgment should have been in favor of the defendant. It is elementary that the evidence must support the findings and that the findings must support the judgment. It is the argument of the respondents that the plaintiff was the prevailing party; with this contention we do not agree. The prevailing party in a lawsuit is the party who gets the judgment, or should have gotten it. Industry of counsel has been unable to cite any authorities that fit the facts in this case

and the court in an independent investigation has not been able to find anything just like this case; but the principle is plain. The facts show that after the suit was brought the plaintiff accepted the rentals that were due and waived any other defaults, if there were any; so, clearly, the defendant prevailed, and before the plaintiff could get attorney's fees from the defendant the plaintiff would have to get the judgment. (In *O'Hare* v. *Peacock Dairies, Inc.*, 28 Cal.App.2d 562 [82 P.2d 1112], the court said, "The prevailing party in any action is one in whose favor the verdict or decision is rendered and judgment entered." Appellant also argues that the plaintiff prevailed on the cross-complaint. This does not help the respondent unless the contract is severable, which we do not hold in this case. In *Gerstein* v. *Smirl,* 70 Cal. App.2d 238 [160 P.2d 585], it is said: "In this case plaintiff instituted an action to recover damages allegedly sustained by him in an automobile accident as a result of defendant's negligence." The defendant answered and also filed a cross-complaint. Upon the trial of the action, the jury returned a verdict denying relief to both parties under their respective pleadings. Defendant filed a memorandum of costs and disbursements, and judgment was entered upon the verdict that plaintiff recover nothing from defendant, and that said cross-complainant, Helen V. Smirl, recover from said cross-defendant, nothing, together with costs and disbursements incurred in the action amounting to the sum of $147.80. Plaintiff appealed from the judgment and from the order denying motion to tax costs. In this case the court says:

"The sole question presented by this appeal is whether a defendant who is awarded nothing on his cross complaint is entitled to recover costs of suit from an unsuccessful plaintiff.

" 'The right to recover costs is entirely statutory and "the measure of the statute is the measure of the right" ' (*Estate of Johnson,* 198 Cal. 469, 471 [245 P. 1089]; *Moss* v. *Underwriters' Report, Inc.,* 12 Cal.2d 266, 274 [83 P.2d 503]), 'In the superior court . . . costs are allowed of course: . . . to the defendant upon a judgment in his favor' in 'an action for the recovery of money or damages' (Code Civ. Proc., § 1032). If defendant's answer had been her only pleading, then unquestionably the judgment that plaintiff take nothing would have been a judgment in favor of defendant, entitling her to costs as a matter of right. But appellant urges that, when defendant filed her cross complaint, she ceased to be a 'defendant' entitled to her costs as a matter of right in

the event of plaintiff's failure to recover judgment against her, and she then became a 'cross-complainant' entitled to recover no costs if 'the judgment for the defendant on the cross complaint does not exceed that of plaintiff on the complaint.' We know of no California case determinative of this precise question. However, from time to time, in actions where counterclaims and cross complaints have been filed, various questions concerning costs have been decided.

"It is well settled that, where both plaintiff and cross complainant recover money judgments, a defendant to whom the 'net result of the judgment' is favorable is entitled to recover all his costs (*Shelley* v. *Hart*, 112 Cal.App. 231, 243 [297 P. 82]; *Dobbins* v. *Horsfall*, 58 Cal.App.2d 23, 27 [136 P.2d 35]). If the 'net result' of a judgment is favorable to plaintiff, unless it (in its net amount) is one which 'could have been rendered by a municipal or inferior court within the same county,' plaintiff's costs are 'allowed of course' (Code Civ. Proc., § 1032; *Quitzow* v. *Perrin*, 120 Cal. 255 [52 P. 632]; *Hansen* v. *Covell*, 218 Cal. 622, 632 [24 P.2d 772, 89 A.L.R. 670]).

"The action here in question was initiated by plaintiff against defendant to recover damages. By their verdict the jury found that both plaintiff and defendant were at fault, or that neither was to blame. In any event, the finding of the jury was that plaintiff had no cause to bring suit against the defendant. Had defendant been let alone she might never have appealed to the courts for redress. However, when plaintiff chose to commence legal action, defendant was required to set up her counterclaims for any damages allegedly sustained by her arising out of the transaction set forth in plaintiff's complaint or be foreclosed from thereafter maintaining an action against the plaintiff therefor (Code Civ. Proc., §§ 438, 439, 442; *Gorman* v. *Superior Court*, 23 Cal. App.2d 173 [72 P.2d 774]).

"As we read section 1032, it is intended thereby that, if plaintiff in an action fails to make out his case, the defendant is entitled to judgment and must be regarded as the *prevailing party*. In other words, a party who defeats an action by a counterclaim is as much entitled to his costs as is a party who defeats it by any other means. In an action such as the instant one for damages, the 'net result' of a judgment requiring defendant to pay nothing to the plaintiff is favorable to the former. Although defendant did not recover on her cross complaint, she was the *prevailing* party in the court below because plaintiff was denied recovery against her."

██ An unlawful detainer action is a summary proceeding designed to provide a speedy remedy to determine the right to possession of real property, *Staudigl* v. *Harper*, 76 Cal. App.2d 439 [173 P.2d 343], and the gist of the action is for possession. The rent is only incidental. ██ As before stated, where attorney's fees are provided for by written contract, there has to be a recovery on the contract before any attorney's fees can be allowed, and the time to insist on attorney's fees was before accepting the payments in default, or, waiving the other defaults, if any. And while in this case the lower court purported to give the plaintiff judgment there was no way he could give her judgment because the defendant was not in default and the defendant should have had judgment. We are not unmindful of the ancient adage that the laborer is worthy of his hire and we also believe an attorney is worthy of his fee, but this is a question of who should pay the fee. It is our opinion it should be paid by the plaintiff and not the defendant. ██ Also, the mere fact that the matter appeared justified and equitable to allow a recovery of attorney's fees is no justification for such an allowance. (*Bank of America* v. *West End Chemical Co.*, 37 Cal.App.2d 685 [100 P.2d 318].)

The judgment is reversed with directions to the lower court to change its findings and conclusions in accordance with the views expressed herein and enter judgment that the plaintiff take nothing and that the defendant have judgment for possession and her cost.

Bradshaw, J., concurred in the judgment.

MAIN, J.—I concur in the judgment above, but wish to add the following:

There is no basis for awarding lessor an attorney's fee by reason of her success in relation to the cross-complaint. She did not prevail *on* the cross-complaint against her, but only succeeded in getting it dismissed because it had no right to be among the pleadings in the first place. Certainly she did not "institute" that proceeding, as paragraph (9) of the lease requires.